**Knox GARVIN, Trustee, et al., Appellants,**

v.

**J. N. HUDSON et al., Appellees.**

**No. 7379.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 23, 1962.

Rehearing Denied Feb. 13, 1962.

L. F. Burke, Longview, for appellants.

Roberts & Smith, Smead & Harbour, Longview, for appellees.

FANNING, Justice.

The primary matter involved on this appeal is the construction of a deed from appellants, Knox Garvin, individually and as trustee, Afton Thrash, and Harley Mullinax, and appellee J. N. Hudson to T. A. Young, with respect to whether the title or beneficial interests in certain tracts were conveyed by said deed to Young.

On or about August 3rd, 1959, Knox Garvin, individually and as trustee for Afton Thrash, Harley Mullinax and J. N. Hudson, as sellers, and T. A. Young, as buyer, entered into a written contract under the terms of which the sellers agreed to sell and the buyer agreed to purchase two tracts of land in Gregg County, Texas, the first

tract containing approximately 105.6 acres, more or less, and the second tract containing approximately 6 acres, more or less. The contract, among other provisions, also specifically provided as follows:

"PROVIDED, HOWEVER, this sale is made subject to former conveyances and leases to Safeway Stores, Inc., Leland Equipment Company, Gulf Oil Company, Hudson Oil Company, Southwestern Gas and Electric Company and Greggton Water Company."

The contract also provides: "Seller shall reserve unto himself in said deed all of the oil, gas and other minerals now owned by him under the above described land with the exception of all land that fronts on U. S. Highway #80 extending back a distance of 300 feet."

On August 14th, 1959, the above referred to written contract was consummated by a deed from said above named sellers in the contract to the buyer Young. The deed in question is in the form of a general warranty deed. After conveying the first tract (the 105.6 acres, more or less) the following recitation immediately follows:

"SUBJECT TO THE FOLLOWING CONVEYANCES HERETOFORE MADE:

"A. 2.06 acres of land, described in Lease Agreement with M. E. Smith, dated November 23, 1953, filed December 2, 1953, recorded in Vol. 422, Page 60 of the Deed Records of Gregg County, Texas, and bearing File No. 12128;

"B. 1.341 acre of land, described in Warranty Deed to W. R. Borgman, dated November 30, 1953, filed December 4, 1953, recorded in Vol. 422, Page 119 of the Deed Records of Gregg County, Texas, and bearing File No. 12197;

"C. a. 2.96 acres of land, described in Warranty Deed to Safeway Store, Incorporated of Baltimore, Maryland,

dated November 15, 1954, filed November 23, 1954, recorded in Volume 445, Page 222 of the Deed Records of Gregg County, Texas, and bearing File No. 10720.

"b. 15 foot wide permanent easement, described in Warranty Deed above described in 'C.a.'.

"D. A certain tract of land described in Contract and Agreement with Hudson Oil of Nebraska, Inc., dated April 14, 1955, filed April 25, 1955, recorded in Vol. 455, Page 155 of the Deed Records of Gregg County, Texas, and bearing File No. 3396;

"E. Two tracts of land described in Warranty Deed to Gulf Oil Corporation, dated May 27, 1958, filed June 3, 1958, recorded in Vol. 523, Page 454 of the Deed Records of Gregg County, Texas, and bearing File No. 4932; and

"F. A tract of land described in General Warranty Deed to Tremarco Corporation, dated May 27, 1958, filed June 3, 1958, recorded in Vol. 523, Page 457 of the Deed Records of Gregg County, Texas, and bearing File No. 4933."

Next follows a description of the second tract (the 6 acres, more or less). Following the description of the second tract there is contained the following language:

"Grantors reserve unto themselves all of the oil, gas and other minerals in, on and under the two above described tracts of land SAVE AND EXCEPT the following." (Here follows description of a 1.57 acre tract and a 8.29 acre tract which appears to be in approximate conformity with the land referred to in the contract as that fronting on U. S. Highway 80 and extending back a distance of 300 feet.)

Following the description of the two tracts above referred to fronting on U. S. Highway 80, there next appears the following language:

"All of the oil, gas and other minerals held by the Grantors herein SAVE AND EXCEPT the last two above described tracts shall be held by Afton Thrash, Harley Mullinax, Knox Garvin and J. N. Hudson in the proportion of an undivided ¼ each.

"All of the above described lands are under oil and gas leases and this conveyance is made subject to said leases."

On or about Aug. 21, 1959, T. A. Young conveyed by warranty deed to Mary H. Spooner and J. N. Hudson the same tracts of land described in the deed from Knox Garvin et al. to Young.

On or about February 19, 1960, J. N. Hudson, Mary H. Spooner, individually and Mary H. Spooner as agent and attorney-in-fact for William G. Spooner, for the consideration of $16,500.00 conveyed to Hudson Oil Company of Nebraska, Inc., the approximately 7.42 acre tract which is the same land as referred to in "D" under the clause in the Garvin et al. deed to Young styled "SUBJECT TO THE FOLLOWING CONVEYANCES HERETOFORE MADE." By instrument dated April 14, 1955, said Hudson Oil Company had a 5 year lease on this tract with option to purchase for $16,500.00, with the proviso that all of the oil, gas and other minerals were to be reserved for the benefit of the lessors.

Appellants present 6 points on appeal wherein they contend in essence that the deed in question from Garvin et al. to Young did not convey title to the six tracts specifically identified as "A to F" inclusive, under the heading "SUBJECT TO THE FOLLOWING CONVEYANCES HERETOFORE MADE:", and wherein appellants complain of the trial court rendering judgment against them, the action of the trial court in not sustaining and overruling their motions for instructed verdict, for judgment non obstante verdicto, for declaratory judgment, and for new trial, and complaining of the action of the trial court in sustaining and in not overruling the motion for

instructed verdict of Hudson Oil Company of Nebraska, Inc. Appellants also contend that they were entitled to $12,375.00, being ¾ of the $16,500.00 consideration paid by Hudson Oil Company for the tract purchased by said company above referred to.

The mineral reservations in the Garvin et al. to Young deed are clear and valid reservations and are not in controversy on this appeal.

The principal controversy between the parties concerns tract "D" which was under lease to Hudson Oil Company with option to purchase.

■ A general warranty deed passes whatever interest a grantor has in the land described therein in the absence of language showing an intention to grant a lesser estate, and neither a reservation nor an exception exists in the absence of a manifest intent expressed in the instrument allegedly creating the same. Sharp v. Fowler, 151 Tex. 490, 252 S.W.2d 153.

■ It is clearly obvious that the purpose of the listing of tracts A to F inclusive, which were a part of the 105.6 acre tract (more or less) under the "Subject to, etc." clause above quoted, was for the purpose of protecting grantors on their warranty, and same was not a reservation of any remaining beneficial interest that grantors had therein.

We hold that the phrase "SUBJECT TO THE FOLLOWING CONVEYANCES HERETOFORE MADE:" did not reserve unto the grantors any title to or beneficial interest in tracts A to F, inclusive, above referred to, and that by the general warranty deed in question here the grantors divested themselves of any title or beneficial interest they may have owned in said tracts A to F inclusive, and passed such title as they had therein to T. A. Young, save and except the mineral rights later reserved in the deed, which mineral rights are not in controversy on this appeal. See the following authorities: Bibb v. Nolan, Tex.Civ.

App., 6 S.W.2d 156, error refused; Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 12 S.W.2d 169; Frels v. Schuette, Tex.Civ.App., 222 S.W.2d 1006, error refused; Kokernot v. Caldwell, Tex. Civ.App., 231 S.W.2d 528, error refused; Robinson v. Jacobs, 113 Tex. 231, 254 S.W. 309.

We further hold that the trial court correctly sustained the motion for instructed verdict of appellee, Hudson Oil Company of Nebraska, Inc.

Appellants' points are overruled. The judgment of the trial court is affirmed.

Affirmed.