**Thomas E. BASS, Appellant,**

**v.**

**Lucille HARPER et al., Appellees.**

**No. 16967.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 22, 1968.

Rehearing Denied Dec. 20, 1968.

Henderson, Bryant & Wolfe, and William R. Bryant, Sherman, for appellant.

O. R. Tipps, Wichita Falls, for appellee Lucille Harper.

Duncan W. Holt, Jr., Tulsa, Okl., for appellee Sinclair Refining Co.

## OPINION

RENFRO, Justice.

The plaintiff, Thomas E. Bass, brought suit in the District Court of Cooke County against Lucille Harper and Sinclair Refining Company, in which he requested the court to decree in a declaratory judgment that Lucille Harper was owner of only $\frac{1}{14}$th interest in the royalty in a described tract of 90 acres of land.

In answer defendant claimed, under deeds, she was owner of $\frac{2}{7}$ths of the royalty interest.

In a non-jury trial the court found defendant to be owner of an undivided $\frac{2}{7}$ths of $\frac{1}{8}$th royalty in the 90 acre tract.

On appeal plaintiff contends, (1) the court erred in construing a certain deed as conveying an undivided $\frac{2}{7}$ths royalty interest, (2) the court erred in finding a deed from Bass to Miller was ambiguous, and (3) if the deed was ambiguous the court erred in finding it was intended by the parties to the above to convey one-half royalty interest owned by Bass.

The parties stipulated that on July 3, 1957, Thomas E. Bass was the owner of all the surface, all of the executive or leasing rights, and $\frac{9}{14}$ths of the royalty in the land involved.

Previous owners had reserved $\frac{9}{14}$ths of the royalty prior to the time Bass acquired the land.

On July 3, 1957, Bass executed a warranty deed to W. O. Miller.

This deed conveyed to W. O. Miller "All that certain undivided one-half interest in and to the following described tract * * * 90 acres of land * * * (described by metes and bounds). Following the description was the following: "This grant is subject to the Mineral Reservation contained in the following Deed. * * *" (As heretofore set out the parties stipulated that $\frac{9}{14}$ths interest was reserved in previous owners.)

The same language as above was used in a deed executed by W. O. Miller on October 13, 1958, in which Miller deeded an undivided one-fourth interest in the property to Paul E. Miller.

On July 19, 1963, W. O. and Paul E. Miller executed a warranty deed to Lucille Harper conveying an undivided one-half interest in and to all of the oil, gas and other minerals in and under (the 90 acres). No mention was made of prior royalty interest in the minerals, but did convey one-half interest in all royalties and rentals provided for in future leases.

Extensive findings of fact were filed by the trial judge. Included were findings that, (8) at all times involved W. O. Miller was a resident of New Mexico and Arizona as a rancher and farmer; (10) in 1960 Bass and the Millers, as lessors, executed a lease to Sinclair Refining Company covering the 90 acre tract for a 5 year term, and were paid separately, they executed the lease separately, and they equally divided the consideration received for this lease. No mention was made in the lease as to royalties owned by any lessor. This lease expired without production obtained; (12) a producing well was drilled in 1966, Sinclair connected with the well and has been purchasing the oil therefrom; (13) Sinclair's division order credited Lucille Harper with ⅔ths of a ⅛th royalty. Mrs. Harper executed the division order and received through November, 1967, the sum of $3,004.24; (14) Bass could have prepared a deed from himself to W. O. Miller reserving ⁷⁄₁₄ths of the royalty to himself and passing only ¹⁄₁₄th of the royalty to Miller, had he desired to be specific in the amount of royalty conveyed by the deed from Bass to Miller.

Plaintiff objects to the findings of fact in only a couple of minor details.

The court's Conclusions of Law were: (1) The Bass to Miller deed conveyed an undivided ½ interest in the 90 acres as owned by Bass at the date of the deed, including ½ of the surface, ½ of the mineral leasing rights and ½ of an ⁸⁄₁₄th royalty interest; (2) the "Subject to" clause in the deed from Bass to Miller is effective in protecting Bass under his general warranty; (3) the "Subject to" clause can not be enlarged to include a royalty reservation of ⁷⁄₁₄ths in Bass and conveying only ¹⁄₁₄th to Miller in the warranty deed since no such express provision was written into the deed. Other conclusions were to the effect that the deed must be construed to pass the greatest estate; "Mineral Reservation" in Bass-Miller deed must be construed to mean "Royalty Reservation," since no mineral rights, in the legal sense, were reserved by prior owners; (6) Bass did convey to Miller ½ of the royalty interest owned by him at the time of the conveyance; (7) if the interest conveyed in the Bass-Miller deed is not clear it should be construed against the grantor as passing the greatest estate possible in the absence of a clear unequivocal reservation in favor of the grantor and against the grantee.

Plaintiff strongly disagrees with the court's conclusions of law.

In Garvin v. Hudson, 353 S.W.2d 508 (Tex.Civ.App., 1962, ref., n. r. e.), in a "subject to" case, the court cited the well recognized rule that a general warranty deed passes whatever interest a grantor has in the land described therein in the absence of language showing an intention to grant a lesser estate, and neither a reservation nor an exception exists in the absence of a manifest intent expressed in the instrument allegedly creating the same. Then said the court, "It is clearly obvious that the purpose of the listing of tracts A to F inclusive, which were a part of the 105.6 acre tract (more or less) under the 'Subject to, etc.' clause * * * was for the purpose of protecting grantors on their warranty, and same was not a reservation of any remaining beneficial interest that grantors had therein."

The question determined in the above case is remarkably similar to the question before this court in the instant case.

The Supreme Court in Sellers v. Texas Cent. Ry. Co., 81 Tex. 458, 17 S.W. 32, 13 L.R.A. 657 (1891), stated: "The reason for denying a reservation by implication is that to permit it would be to allow the grantor to derogate from the grant * * *" and added, "Every conveyance should contain 'the certainty of the thing granted to the full extent of the grant.'"

■ The rule that deeds are to be strongly construed against the grantor and in favor of the grantee applies to reservations. Collier v. Caraway, 140 S.W.2d 910 (Tex. Civ.App., 1940, ref.); Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S. W. 1014 (1925).

In Kokernot v. Caldwell, 231 S.W.2d 528 (Tex.Civ.App., 1950, ref.), the court said: "The term 'subject to' as used in the mineral deed has a well recognized meaning. 'The words "subject to," used in their ordinary sense, mean "subordinate to," "subservient to" or "limited by." There is nothing in the use of the words "subject to," in their ordinary use, which would even hint at the creation of affirmative rights.'"

■ It is an elementary principle of conveyances that a deed passes whatever interest a grantor has in the land in the absence of language showing an intention to grant a less estate. A reservation of minerals to be effective must be by clear language. Courts do not favor reservations by implication. Sharp v. Fowler, 151 Tex. 490, 252 S.W.2d 153 (1952); Sellers v. Texas Cent. Ry. Co., supra; Clemmens v. Kennedy, 68 S.W.2d 321 (Tex.Civ.App., 1934, ref.).

■ We hold the language of the Bass to Miller deed to be unambiguous.

Applying the cited rules and principles in construing the deed in question, we hold that it conveyed to Miller one-half of the royalty interest then owned by Bass, namely, one-half of 8/14th royalty interest or 2/7ths of the royalty interest.

We agree with the trial court that the "Subject to" clause was inserted in the deed to protect Bass under his general warranty.

The deed prepared by Bass and executed by him did not expressly reserve any fixed amount of royalty interest in the grantor. In the absence of a clear and unequivocal reservation of 7/14ths, as he now claims, we must hold that the deed, properly construed, did not "reserve" but conveyed one-half of all the interest owned by Bass.

If we be mistaken in holding the deed to be unambiguous, then we hold that the ambiguity, if any, should be construed to show it was the intention of the parties that the deed convey to Miller 4/14ths royalty interest, and it did pass such interest.

In reaching this decision we have considered the surrounding circumstances preceding and at the date of the conveyance; the relationship of the parties; the relative knowledge of minerals and royalties of the parties; their past dealings with each other in mineral and royalty interests; Bass' experience in preparing mineral deeds, etc.; the price paid by Miller to Bass; the absence of any claim or notice by Bass to Miller or Mrs. Harper, Miller's vendee, that he, under the deed, retained 7/14ths royalty interest until production was obtained several years after the execution of the deed, all of which is shown in the statement of facts virtually without contradiction.

■ To construe the deed otherwise would, in our opinion, produce an unjust result. The courts generally resolve doubts by adopting that construction which does not produce unusual and unjust results. Remuda Oil Co. v. Wilson, 264 S.W.2d 192 (Tex.Civ.App., 1954, ref., n. r. e.).

We have given careful attention to the many cases cited in plaintiff's able and excellent brief, but in view of our holding

no useful purpose would be served in discussing said cases.

All points of error are overruled.

Affirmed.