### LEATHERMAN et ux. v. HOLT.
#### No. 2672.

Court of Civil Appeals of Texas. Eastland.
July 16, 1948.

Chas. Nordyke and G. H. Williamson, both of Stephenville, for appellants.

Joseph A. Chandler, of Stephenville, for appellee.

GRISSOM, Chief Justice.

Con Holt sued Guy Leatherman and others in trespass to try title to 37.1 acres of land out of a 640 acre tract, known as S. P. Ry. Co. Section No. 4 in Erath County, which he had acquired by inheritance and purchase. The 37.1 acres in controversy is an irregularly shaped tract extending in the shape of an L from the southeast corner of said section 4. Years ago the fence around the 37.1 acres in controversy was in poor condition and section 4 was being used by Con Holt for grazing purposes and livestock was escaping from the 37.1 acre tract and, for convenience, Holt repaired the fence and left said small tract out of his enclosure of section 4. In 1930 Guy Leatherman purchased a tract of land adjoining the larger portion of section 4 on its south. The land purchased lay north of the 37.1 acres in controversy here, and was enclosed by a dilapidated fence which also enclosed Holt's 37.1 acres.

On January 22, 1944, Holt conveyed to Wyatt Hedrick the land owned by him in S. P. Ry. Co. Survey No. 4, along with other land, by warranty deed and retained a vendor's lien to secure payment of the unpaid portion of the purchase price. Said deed described and purported to convey the 37.1 acres in controversy. In August, 1944, Holt executed a correction deed to Hedrick which did not include the 37.1 acres in controversy. In May, 1947, prior to the filing of this suit, Wyatt Hedrick executed a deed to Con Holt which recited:

"Whereas, in the year 1944 an agreement was made by and between Con Holt and Wyatt C. Hedrick for the sale by Con Holt and the purchase by Wyatt C. Hedrick of 640 acres known as Section Number 4, Southern Pacific Railway Survey patented to H. L. Holt, July 22, 1936, and of the George Turner Survey of 160 acres, all of said land being in Erath County, Texas; and Whereas a portion of said H. L. Holt Survey of 640 acres and being out of the most eastern part of such survey was at that time in the possession of one J. G. (Guy) Leatherman and it was agreed that the per acre consideration for this land should not be paid to the said Con Holt until possession of this land was delivered to Wyatt C. Hedrick; And Whereas, the said J. G. (Guy) Leatherman refused to surrender possession of that portion of said Eastern part of such survey in his posses-

sion and the consideration for said eastern portion of such survey including 37.1 acres of land not having been paid to Con Holt and he having been at all times since the execution of the deed from him to Wyatt C. Hedrick, dated January 22, 1944, and recorded in Volume 279, at pages 16 and 17 of the Deed Records of Erath County, Texas, the actual and equitable owner of such 37.1 acres of land:

"Now, therefore, know all men by these presents, that I, Wyatt C. Hedrick in consideration of the premises and for the purpose of vesting the legal title to said land in the true owner thereof, do by these presents bargain, sell, release and forever quitclaim unto the said Con Holt, his heirs and assigns, all of my right, title and interest in and to that certain 37.1 acres, Section No. 4, Southern Pacific Railway Survey, patented to H. L. Holt on July 22, 1936, * * *."

There followed a description of the tract in controversy which was in turn followed by an habendum clause containing the terms ordinarily used in a quit claim deed.

On the trial, evidence was introduced which established conclusively that the record title to said Section 4, including the 37.1 acres in controversy, was in Con Holt prior to the execution of his deed to Hedrick.

Defendants had alleged that in January, 1944, Con Holt had conveyed by warranty deed all rights he had in the land in controversy to Hedrick "which transaction deprived this plaintiff of each and every justiciable interest" he had therein. Defendants also pleaded the ten years statute of limitation.

At the close of plaintiff's testimony, defendants filed a motion for an instructed verdict based chiefly upon the contention that Holt had conveyed all his interest in the 37.1 acres to Hedrick and that the quit claim deed from Hedrick to Holt did not reconvey to Holt a "justiciable interest" in said land.

At the close of the evidence, defendants filed a second motion for an instructed verdict stating therein substantially the same reasons as in the first motion.

The court submitted two issues to the jury, to-wit:

(1) Whether Leatherman had held peaceable and adverse possession of the land for ten years, and,

(2) Whether Leatherman, prior and up to the year 1942, recognized the title of Con Holt to the land in controversy.

The jury found against defendants on both of said issues. Judgment was rendered awarding Holt the title to and possession of the 37.1 acres, and Guy Leatherman and wife alone have appealed.

Appellants say the court erred in overruling said motions for an instructed verdict. They contend that the deed from Hedrick to Holt to the 37.1 acres did not convey such title or interest therein as to give Holt a "justiciable interest" in the land in controversy. As we understand their contention, it is that said deed is a quit claim deed and did not convey the legal title to said land and for that reason plaintiff has failed to show title in himself and judgment that plaintiff take nothing should have been rendered upon an instructed verdict. We overrule this contention.

"* * * a quit claim conveys the title to the land itself, if possessed by the grantor at the time of execution and delivery of the deed, as fully and effectually as a deed purporting to convey the fee." 14 Tex.Jur. 889.

The following authorities are to the same effect: 26 C.J.S., Deeds, § 118, p. 415; 8 R.C.L. 1025; Harrison Oil Company v. Sherman, Tex.Civ.App., 66 S.W.2d 701, 705 (writ ref.); Fidelity Lumber Company v. Bendy, 245 S.W. 981, 984.

It is evident that Holt owned and held title, both legal and equitable, to the land in controversy, subject only to appellants' claim of title by limitation, at the time Holt executed the first deed to Hedrick, and that Hedrick, by executing the deed to Holt, reconveyed to Holt what he had received by the first deed. In other words, since Hedrick held the legal title to the land at the time he executed the quit claim deed to Holt such title was thereby reacquired by Holt. We, therefore, overrule appellants' contention that the court erred in holding that the quit claim deed conveyed to Holt a justiciable interest in the land.

1006

■ Appellants contend that there is no evidence to support the answer to issue number 1. The effect of this contention is to assert that the evidence showed conclusively that Leatherman had peaceable and adverse possession of the land for ten years. Appellants also assert that the evidence was insufficient to authorize submission of issue 2, that is, whether Leatherman, up to 1942, recognized the title of Con Holt. Said points are overruled. Mr. Leatherman testified:

"Q. Mr. Leatherman, when did you first claim this land by limitation? A. It was about three years ago.

"Q. Was it then about 1942, 1943 or 1944? A. I imagine.

"Q. Who did you make that claim to? A. Mr. Williamson.

"Q. Did you also make that claim later to Con Holt here, that you claimed the land by limitation? A. Yes, sir.

"Q. Do you remember where that took place? A. No, sir."

Clearly, Mr. Leatherman's own testimony does not conclusively show that he held peaceable and adverse possession of the land for ten years or that he did not recognize the title of Con Holt prior and up to 1942. He further testified that he talked with Mr. Holt about trading him land of approximately the same acreage off of his farm for the tract in controversy; that he did not tell Mr. Holt before 1942 that he was claiming the land by limitation, but that he discussed with him trading said tracts; that he never did render the land for taxes; that when he moved on the land, he did not intend to claim it by limitation; that he first formed the intention to claim the land by limitation after he talked to his counsel in 1943 or 1944. There is evidence from which the jury might conclude that appellants recognized the title of Holt and did not claim the land until they learned of its proposed sale by Holt to Hedrick in 1942 or 1943.

Point number 3 is that the court erred in admitting in evidence over appellants' objections the following:

a. Field notes prepared by Yantis.

b. His testimony based thereon.

c. A large map.

d. The patent.

e. The quit claim deed from Hedrick to Holt.

f. The deed from Holt to Hedrick.

g. Two deeds of trust by Holt to the Federal Land Bank and Commissioner.

h. The testimony of Breauer.

i. A small map.

There is neither independent statement, argument nor citations of authorities under said point. We are referred only to same under point 2, wherein appellants contend the court erred in overruling appellants' second motion for an instructed verdict.

A detailed discussion of all the contentions made under said point and the evidence complained of, "the full substance" of which is not set out in the brief, as required by Texas R.C.P. 418, would extend this opinion to an unreasonable length. We have carefully considered all of the contentions urged under said single point. We have concluded that reversible error is not shown. All of appellants' points are overruled.

The judgment of the trial court is affirmed.