**William A. LOTT, by Next Friends, Petitioner,**

v.

**M. T. LOTT et ux., Respondents.**

**No. A–9367.**

Supreme Court of Texas.

July 17, 1963.

Rehearing Denied Oct. 2, 1963.

Roscoe Runge, Mason, Robert I. Wilson, Kerrville, for petitioner.

Darrell G. Lochte, L. W. Pollard, Robert R. Barton, Kerrville, for respondents.

CALVERT, Chief Justice.

This is a trespass to try title suit filed in the name of William A. Lott by three of his children, as next friends, against M. T. Lott and his wife to recover title to and possession of a 479 acre tract of land in Kerr County. M. T. Lott is a son

of William A. Lott. The petition recognizes that record title to the land is in M. T. Lott, but it is alleged that it is held by him "under an express or constructive trust for the use and benefit" of the plaintiff. The defendants answered the suit by plea of not guilty, and thereafter filed a motion for summary judgment. The trial court granted the motion and rendered judgment that plaintiff take nothing. The Court of Civil Appeals has affirmed. 362 S.W.2d 410.

We affirm the judgment of the Court of Civil Appeals.

Attached to defendants' motion for summary judgment are a number of exhibits, including a copy of a deed executed by Richard Holdsworth and his wife on August 10, 1936 conveying the land in question to M. T. Lott. The copy of the deed is conclusive proof that as of its date legal title to the land was vested in M. T. Lott. There is no evidence in the record that he has ever been divested of legal title.

An Answer was filed to the motion for summary judgment. To it is attached an affidavit of Oscar Lott, one of plaintiff's sons, and an affidavit of one of plaintiff's attorneys. The purport of these affidavits is that the one-half of the purchase price of the land paid in cash was paid with funds of the plaintiff, and that title was to be held by M. T. Lott for the plaintiff's benefit. By these affidavits plaintiff sought to raise a question of fact as to the existence of a resulting trust under which, if established, equitable title to the land would be in him. Statements in the affidavits are largely conclusional and some are obviously hearsay. But we need not determine their sufficiency in meeting the requirements of Rule 166–A(e), Texas Rules of Civil Procedure, for, as held by the Court of Civil Appeals, they become immaterial in view of the presence in the record of another instrument.

Attached to the motion for summary judgment is a copy of an instrument, dated January 5, 1937 and captioned, "TENANT'S DISCLAIMER." It is executed by G. H. Lott and William A. Lott and his wife, Emma Lott, and contains all of the formal requisites of a deed. Immediately preceding the description of the land, the premises clause of the instrument contains a recitation that the grantors

"* * * do hereby disclaim and release unto said M. T. Lott and the Federal Land Bank of Houston, Texas, and the Land Bank Commissioner, any right, title or interest or right of possession as tenants or otherwise, we or either of us may have or be entitled to in or to the 479 acre stock farm * * *."

The habendum clause is in customary language with an addition, and reads:

"TO HAVE AND TO HOLD the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging, unto the said M. T. Lott, Federal Land Bank of Houston, Texas, and Land Bank Commissioner, their heirs, assigns and/or successors, as their interest may appear, forever, so that neither we, the said Wm. Lott, Emma Lott or G. H. Lott nor our heirs, nor any person or persons claiming under us shall, at any time hereafter, have, claim or demand any tenant right to the aforesaid premises or oppurtenances, or any part thereof."

It is conceded by all parties that the instrument was executed incident to the making of a loan by the Federal Land Bank to M. T. Lott, to be secured by a lien on the land.

The Court of Civil Appeals held that the instrument described is a quitclaim deed and was thus effective to convey to M. T. Lott any interest or title that William A. Lott might have had on the date of its execution. We agree with that conclusion.

It will be noted that by the execution and delivery of the instrument William A. Lott *released* to M. T. Lott "any right, title, interest or right of possession" he might

have had or have been entitled to as tenant *"or otherwise."* It thus appears that if, in law, *release* of an interest in land to another is effective to convey the interest, the operative effect of the premises clause of the instrument in question was to convey to M. T. Lott any equitable title which William A. Lott may have had on January 5, 1937.

This Court recognized in Richardson v. Levi, 67 Tex. 359, 3 S.W. 444, 448, that an instrument, otherwise legally sufficient, which *releases* the grantor's right and title in land will transfer the grantor's title to the grantee. In discussing the purpose in early common law of various words of grant, we said that "A release was used only when the releasee was in possession, and the releasor conveyed to him his own title." We stated, however, that the signification of the various terms has been modified, in America at least, and continued: "A release may be used to convey a title to one who has no previous right in the land, and is in most states equivalent to the word 'quitclaim.'"

■ It is too well settled to be open to question that a quitclaim deed, in the absence of limiting language, conveys to a grantee whatever right, title, or interest a grantor has in the premises as fully and effectually as if the grantor had given a deed purporting to convey the fee. Harrison Oil Co. v. Sherman, Tex.Civ.App., 66 S.W.2d 701, 705, writ refused; Leatherman v. Holt, Tex.Civ.App., 212 S.W.2d 1004, 1005, no writ history; 26 C.J.S. Deeds § 118, p. 946; 19 Tex.Jur.2d 257, Deeds, § 11.

■ Finally, the operative effect of the premises clause of the deed is not destroyed by the addition to the habendum clause of the words, "so that neither we, the said Wm. Lott, Emma Lott or G. H. Lott, nor our heirs, nor any person or persons claiming under us shall, at any time hereafter, have, claim or demand any *tenant right* to the aforesaid premises or appurtenances, or any part thereof." (Emphasis ours.) If this recitation were held to limit the inter-

est conveyed to "tenant right[s]," the grant in the premises clause would be in major part nullified. That result would run counter to sound rules of construction that the granting clause prevails over other provisions of a deed and that a deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. Waters v. Ellis, 158 Tex. 342, 312 S.W.2d 231, 234.

The validity and operative effect of the quitclaim deed is unchallenged in the record by affidavit or any other type of summary judgment proofs. There is neither pleading nor proof which would authorize setting it aside for fraud, accident or mistake. By its terms any equitable title or interest in the land then held by William A. Lott was conveyed to the grantees named, and the trial court properly rendered summary judgment that the plaintiff take nothing.

■ But petitioner asserts that having presented proof raising a fact issue that legal title was held in trust by M. T. Lott, a presumption arose that the quitclaim deed was procured by unfair dealing; that, therefore, the burden was on M. T. Lott to show that the quitclaim was not the product of unfair dealing, and no proof having been made on this matter the summary judgment was unauthorized. This question was not preserved by point of error or by argument under the points of error in appellant's brief in the Court of Civil Appeals. It comes too late.

■ The only other point of error presented in this Court complains of the action of the trial court in permitting defendants to file copies of Old Age Assistance records as a part of their summary judgment proofs. If that action was error, it was not reversible error. The records are not material to the judgment, as this opinion clearly discloses.

The judgment of the Court of Civil Appeals is affirmed.

SMITH, J., concurs in the result.