**Glen Dell LARGE et al., Appellants,**

**v.**

**T. MAYFIELD, INC., Appellee.**

**No. 11–82–237–CV.**

Court of Appeals of Texas,
Eastland.

Jan. 20, 1983.
Rehearing Denied Feb. 17, 1983.

J.H. Schuetzeberg, John F. Maner, Maner, Nelson & Richards, Lubbock, for appellants.

David Stubbeman, Phillip Day, Wagstaff, Harrell, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellee.

tion of paint, even though the earlier coat of paint has some value.

McCLOUD, Chief Justice.

The issue is whether T. Mayfield, Inc., or Roy D. Day, Jr., holds the valid and superior oil and gas lease on 30.46 acres of land out of Survey 91, Block 2, D & W Ry. Company Survey, Knox County. Based upon stipulated evidence consisting entirely of legal instruments, the court ruled in favor of T. Mayfield, Inc., on this severed issue. Roy D. Day, Jr., and Glen Dell Large and wife, Carol Large, appeal. We affirm.

Prior to July 30, 1971, B.P. Denton and wife, Opal Denton, owned the surface and minerals of the land in question. On July 30, 1971, B.P. and Opal Denton executed nine nonparticipating royalty deeds to various parties.[1] The Dentons reserved the executive leasing rights in each of the royalty deeds. After the execution of the nonparticipating royalty deeds, B.P. Denton and wife still owned ⅛ of the royalty and all leasing rights. On February 14, 1974, B.P. and Opal Denton executed a warranty deed to the Veterans' Land Board of the State of Texas. This is the deed in issue. On February 15, 1974, the Veterans' Land Board executed a Contract of Sale to Glen Dell Large.

On October 25, 1979, B.P. and Opal Denton,[2] executed an oil and gas lease on the 30 acres to Vista Petroleum Company. On November 30, 1979, Glen Dell Large and Carol Large executed an oil and gas lease on the tract to Roy D. Day, Jr. Vista Petroleum Company assigned its lease interest to T. Mayfield, Inc., on April 8, 1980.

The deed from B.P. and Opal Denton to the Veterans' Land Board of the State of Texas described the interest conveyed as follows:

(H)ave Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said The Veteran's Land Board of the State of Texas of the County of Travis, State of Texas all that certain Lot, Tract, or Parcel of land lying and being situated in the County of Knox and State of Texas, described as follows, to-wit:

Being all the Surface Rights, and everything thereon; (The Mineral Rights thereunder being reserved and now owned in undivided parts by all the heirs of Lula J. Denton, Deceased.)

A metes and bounds description of the 30.46 acres immediately followed the above quoted language.

The court found in its findings of fact and conclusions of law that the deed from B.P. and Opal Denton, dated February 14, 1974, to the Veterans' Land Board of the State of Texas, conveyed the "surface only" and did not convey the executive leasing rights. Appellants contend that the Dentons conveyed all mineral rights, except the previously conveyed nonparticipating royalty interest, to the Veterans' Land Board. They urge that Glen Dell Large and Carol Large own the executive leasing rights, and that the lease to Roy D. Day, Jr., is the valid and superior lease.

No party alleged, nor has anyone urged, that the deed is ambiguous. No parol evidence as to the intent of the parties was introduced. The various legal instruments constitute the record. The intent of the parties must be determined from the four corners of the deed. The rights of the parties are governed by the language used and the choice of words is of controlling importance. *Peveto v. Stanley*, 26 Tex.Sup.Ct.J. 106 (November 27, 1982) (not yet reported).

The controlling issue is the effect of the following language contained in the granting clause of the February 14, 1974, deed from the Dentons to the Veterans' Land Board: "Being all the Surface Rights, and everything thereon; (The Mineral Rights

---

1. The appellants state in their brief that the nine royalty deeds were executed to the "heirs of Lula J. Denton, Deceased." Appellee states in its brief that the Dentons conveyed the "royalty interests ... to B.P. Denton's brothers and sisters." The stipulated "facts" fail to support either statement.

2. It appears that the grantees or their successors, in the nine nonparticipating royalty deeds, joined B.P. and Opal Denton in the oil and gas lease.

thereunder being reserved and now owned in undivided parts by all the heirs of Lula J. Denton, Deceased)."

Appellants argue that the executive leasing rights were conveyed because the deed failed to effectively reserve or except any mineral interest in favor of the grantors. They assert that the parenthetical language referring to the "Mineral Rights" was included to protect the grantors on their warranty.

■ There is no evidence that B.P. or Opal Denton are heirs of Lula J. Denton, Deceased. Appellants correctly assert that the grantees of the nine nonparticipating royalty deeds, if they are in fact heirs of Lula J. Denton, acquired no executive rights under the deed in question because a reservation or exception in favor of a stranger to the deed conveys no title to such stranger. *Jackson v. McKenney,* 602 S.W.2d 124 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.)

■ Appellants rely upon familiar rules of construction in their attempt to defeat a reservation of minerals in favor of the grantors. A reservation of minerals must be by clear language, and courts do not favor reservations by implication. *Sharp v. Fowler,* 151 Tex. 490, 252 S.W.2d 153 (Tex.1952). A deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Lott v. Lott,* 370 S.W.2d 463 (Tex. 1963). First, we point out that none of the cited cases were concerned with a grant of "surface rights" as we have in the instant case. Furthermore, the intention of the parties, when ascertained, prevails over arbitrary rules of construction. The court in *Harris v. Windsor,* 156 Tex. 324, 294 S.W.2d 798 (Tex.1956) said:

We have long since relaxed the strictness of the ancient rules for the construction of deeds, and have established the rule for the construction of deeds as for the construction of all contracts,—that the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when possible. That intention,

when ascertained, prevails over arbitrary rules. *Benskin v. Barksdale,* Tex.Com. App., 246 S.W. 360; *Sun Oil Co. v. Burns,* 125 Tex. 549, 84 S.W.2d 442.

■ We have found no case directly in point. We conclude from the four corners of the deed that the grantors conveyed the surface estate only. See *Shell Oil Co. v. Manley Oil Corporation,* 124 F.2d 714 (7th Cir.1941); *Shell Oil Co. v. Moore,* 382 Ill. 556, 48 N.E.2d 400 (Ill.Sup.1943); *Riedt v. Rock Island Improvement Company,* 521 P.2d 79 (Okl.Sup.1974); 31 A.L.R. 1530. The words "Surface Rights" were intended as a limitation of the grant. To hold otherwise would be to give no significance to the words used by the parties to the deed. *Morriss v. First Nat. Bank of Mission,* 249 S.W.2d 269, 275 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.). The additional phrase in parenthesis concerning "Mineral Rights" is merely a further explanation that only "Surface Rights" are being conveyed. It is not a reservation or exception in the traditional sense. Therefore, the cases cited by appellants are distinguishable. The deed does not contain a complete grant of surface and minerals and then attempt to reserve or except outstanding minerals.

Appellants cite 1A Summers, The Law of Oil and Gas 133 (Prm.Ed.1954), for their position that there are only two methods by which the mineral estate and the surface estate may be severed by the owner. They say these are: (1) by granting the mineral estate, or (2) by conveyance or grant of the "surface estate" and an express reservation or exception of the minerals unto the grantor. Appellants misread the cited authority. It is clear that *Summers* is stating that the oil and gas will pass with the "land" where the landowner grants the "land" without expressing an intention to retain his legal interest in the oil and gas. In the instant case there is no grant of the land. The grant is a limited grant of "Surface Rights, and everything thereon."

By conveying only the surface, the deed effected "a horizontal severance and the

creation of two separate and distinct estates, an estate in the surface and an estate in the minerals." *Acker v. Guinn,* 464 S.W.2d 348 (Tex.1971).

We agree with the trial court. Only the surface estate was conveyed to the Veterans' Land Board. The executive leasing rights are owned by B.P. and Opal Denton. T. Mayfield, Inc., holds the valid and superior oil and gas lease.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.

RALEIGH BROWN, Justice, dissenting.

I respectfully dissent. The deed fails to contain a clear express reservation or exception in favor of the grantors. The parenthetical phrase, "(The Mineral Rights thereunder being reserved and now owned in undivided parts by all the heirs of Lula J. Denton, Deceased)," could reasonably refer to the outstanding royalty interest and be included in the deed as an exception to protect the grantors on their warranty. Since the language is doubtful or uncertain, the deed should be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Lott v. Lott,* 370 S.W.2d 463 (Tex.1963). The deed did not contain the words surface "only." I would hold that the executive rights were conveyed to the Veterans' Land Board; consequently, the oil and gas lease executed by Glen Dell and Carol Large to Roy D. Day, Jr., is the valid and superior lease.