Kolle v. White 







AFFIRMED
JULY 12, 1990

NO. 10-89-241-CV
Trial Court
# 10,037A
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MARY WYNNE KOLLE,
   Appellant
v.

A. W. WHITE, JR., ET UX,
   Appellees

* * * * * * * * * * * * *

 From 12th Judicial District Court
Leon County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Mary Wynne Kolle brings this appeal from an order granting in
part A. W. and Margaret Whites' motion for partial summary judgment
and denying Kolle's motion for summary judgment.



Kolle filed this case as a declaratory judgment action
requesting the court to construe a deed from Kolle to the Whites as
entitling her to three-fourths of the coal and royalty payments on
a 383-acre tract in Leon County. The Whites counterclaimed that
the deed from Kolle to them conveyed the entire surface estate,
one-fourth of the oil and gas estate, three-fourths of the near-surface coal, and all of the lignite.
Kolle filed a motion for summary judgment attaching, among
other exhibits, a 1946 deed from Walker to Washington, a 1949 deed
from Washington to Kolle, and a 1967 deed from Kolle to A. W. White
and wife. All three deeds covered the 383 acres involved here. 
The Whites filed a motion for partial summary judgment that under
the 1967 deed and the summary judgment record, they were conveyed
three-fourths of the near surface coal and all of the lignite under
the 383 acres.
The trial court thereafter denied Kolle's motion for summary
judgment and granted in part the Whites' motion for partial summary
judgment, finding: that Kolle, prior to the execution of the 1967
deed to the Whites, owned all of the coal and lignite on the
property conveyed by such deed to the Whites; that the term "coal"
as used in said deed embraces all geological forms of coal
including lignite; and that the operative effect of such deed was
to convey to the Whites three-fourths of the coal and lignite,
reserving to Kolle one-fourth of the coal and lignite.
As noted, all other matters in controversy in this case
between the parties were severed from the case.
Kolle appeals on three points, and the Whites complain by
crosspoint.
Kolle first asserts that the trial court erred in granting the
Whites' motion for partial summary judgment because the Kolle deed
clearly expressed that the Whites were to receive one-fourth of the
oil, gas, and other minerals including coal, sand, and gravel.
On April 24, 1967, Kolle executed a general warranty deed by
which she: 
BARGAINED, GRANTED, SOLD and CONVEYED and by these
presents do BARGAIN, GRANT, SELL and CONVEY unto Adair
Wayne White and wife Margaret Ann White . . . all the
following described property lying and being situated in
Leon County, Texas, to wit: [Here follows metes and
bounds description of 383 acres of land] . . . . This
conveyance is subject to the following: 
1. Mineral exception and reservation of one-half
of all oil, gas and other minerals as set out in
deed from Frances Hazel Walker, et vir, to Agnes D.
Washington, dated April 26, 1946, and is of record
in Volume 152, page 145, Deed Records, Leon County,
Texas.
. . . .
EXCEPTED AND RESERVED from this conveyance is a one-fourth of all oil, gas and other minerals including coal,
sand and gravel, and conveyed herewith is a one-fourth of
all oil, gas and other minerals including coal, sand and
gravel.
(Emphasis added).
Copies of the prior deeds to the property, which were attached
as exhibits, reflect how Kolle arrived at her ownership interest
before she conveyed to the Whites. In 1946, Walker conveyed to
Washington by a deed which expressly provided:
It is understood that the ownership of the minerals in
said land shall not be changed or affected by this deed,
but shall be owned one-half by Frances Hazel Walker and
one-half by Agnes Dean Washington.
In 1949, Washington conveyed to Fred W. Kolle all of
Washington's interest in the 383-acre tract. Therefore, at the
time of her deed to the Whites in 1967, Kolle owned one-half of the
"oil, gas and other minerals," but owned all of the coal and
lignite because the severance of the minerals from the surface
estate, occurring in 1946, was before June 8, 1983, and because the
1946 deed did not include coal and lignite. See Acker v. Guinn,
464 S.W.2d 348 (Tex. 1985); Friedman v. Texaco, 691 S.W.2d 586, 588
(Tex. 1985).
The dispute arises because the Kolle deed specifically deals
with only one-half of the coal, sand and gravel, even though Kolle
owned all of the coal, sand and gravel at the time of the
conveyance. Kolle contends the language in her deed to the Whites,
"EXCEPTED AND RESERVED from this conveyance is a one-fourth of all
oil, gas and other minerals, including coal, sand and gravel, and
conveyed herewith is a one-fourth of all oil, gas and other
minerals including coal, sand and gravel," requires a construction
that she only conveyed to the Whites one-fourth of the oil, gas and
other minerals, including coal, sand and gravel. (Emphasis added).
We reject Kolle's contention. The granting clause of the
Kolle-to-White deed, "I, Mary Wynne Kolle . . . have BARGAINED,
GRANTED, SOLD and CONVEYED, and by these presents do BARGAIN,
GRANT, SELL and CONVEY unto [the Whites] all of the following
described property . . . ," operates to convey the full fee estate
in the described property subject only to such interests as are
expressly reserved elsewhere in the deed. The granting clause
prevails over other provisions of a deed in that a deed will be
construed to confer upon the grantee the greatest estate that the
terms of the instrument will permit. Lott v. Lott, 370 S.W.2d 463,
465 (Tex. 1963).
Nowhere in the Kolle-to-White deed does it appear, either
expressly or by implication, that more than one-fourth of the coal
underlying the property was reserved to Kolle, thus the operative
effect of the deed as to coal was to convey to the Whites three-fourths of the coal. The Kolle-to-White deed was subject to a
reservation of one-half of the oil, gas and other minerals in the
Walker-to-Washington deed, and one-fourth of the oil, gas and other
minerals including coal, sand and gravel. Therefore, the Kolle-to-White deed conveyed the surface, one-fourth of the oil, gas and
other minerals, and three-fourths of the coal, which included the
lignite, to the Whites. Retained to Kolle and her predecessors in
title was three-fourths of the oil, gas and other minerals (not
including coal and lignite), and one-fourth of the coal (lignite). 
Point one is overruled.
Next, Kolle alleges that the trial court erred in refusing to
grant her motion for leave to file the affidavit of A. T.
Leveridge, Jr. Assuming, without deciding, that the trial court
erred in refusing to grant Kolle's motion to file the Leveridge
affidavit, no harm is shown. The evidence therein contained does
not raise or controvert any disputed issue of material fact. The
affidavit refers to what it terms the Whites' recognition that the
Kolle deed is to "convey one-fourth of the minerals." The Whites
have never claimed to own more than one-fourth of the "oil, gas and
other minerals" underlying the property described in the Kolle
deed. Kolle has stated in her brief the phrase, "oil, gas and
other minerals," does not include any coal or lignite underlying
this property. Therefore, nothing in the affidavit raises any
issue concerning the parties' relative ownership interests in coal
or lignite. We overrule point two.
Kolle maintains in her final point that the trial court
improperly severed the Whites' claim for attorney's fees. The
court severed not only their claim for attorney's fees, but also
their affirmative claims against Kolle arising out of Kolle's
failure to convey good title to all portions of the property
described in the Kolle deed. The severed claims were separate from
each other, could have been independently asserted in separate
lawsuits, and were not so intertwined as to involve the same
identical facts and issues. See TEX. R. CIV. P. 174; Ryland Group
Inc. v. White, 723 S.W.2d 160, 161 (Tex. App.--Houston [1st Dist.]
1986). Because the trial court did not abuse its discretion in
severing out the Whites' additional causes of action, point three
is overruled.
The Whites, by crosspoint, assert that the trial court erred
in denying in part their motion for partial summary judgment
insofar as the court concluded that the Kolle deed reserved any
interest in lignite to Kolle, because the term "coal" as used in
the Kolle deed does not include lignite. The record on summary
judgment establishes that lignite is one of the four classes of
coal, viz, lignite, subbituminous, bituminous and anthracite. The
trial court found that the term "coal" as used in the deed embraced
all geological forms and varieties of coal including lignite. The
Whites' crosspoint is overruled, and the judgment is affirmed.
 
                               TERRY R. MEANS
DO NOT PUBLISH Justice