MEMORANDUM OPINION


No. 04-08-00686-CV



GLOBAL EVANGELISM EDUCATIONAL MINISTRIES, INC. 

d/b/a Cornerstone Christian Schools,

Appellant



v.



Brandon CADDELL,


Appellee



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 340160


Honorable Timothy Johnson, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice


Delivered and Filed: February 18, 2009


REVERSED AND REMANDED

 Global Evangelism Educational Ministries, Inc. d/b/a Cornerstone Christian Schools
("Cornerstone") brings this interlocutory appeal from the trial court's order denying its motion to
compel arbitration. We reverse and remand.

 Cornerstone operates a private school in San Antonio, Texas, and hired Appellee Brandon
Caddell as a teacher and athletic coach. Cornerstone and Caddell entered into a written employment
contract, beginning on June 15, 2007, and ending on June 14, 2008, that contained an arbitration
provision:

 [T]he parties agree that any claim or dispute arising out of, or related to, this
agreement or to any aspect of the employment relationship, including statutory
claims, shall be settled by Biblically-based mediation. If resolution of the dispute and
reconciliation do not result from such efforts, the matter shall then be submitted to
a panel of three arbitrators for final binding arbitration. Each party to this contract
shall have the right to select one arbitrator. The two arbitrators selected by the parties
shall jointly select the neutral, third arbitrator. The parties agree that these methods
shall be the sole remedy for any controversy or claim arising out of the employment
relationship or agreement and expressly waive their right to file a lawsuit against one
another in civil court for such disputes, except to enforce a legally binding arbitration
decision. Each party, regardless of the outcome of the matter, agree to bear the costs
of his/her/its own arbitrator and one half of the fees and costs of the neutral arbitrator
and any other arbitration expenses. 

On January 7, 2007, Cornerstone terminated Caddell's employment. Caddell then filed a lawsuit
against Cornerstone for wrongful discharge and breach of employment contract. In response,
Cornerstone filed its motion to compel arbitration and stay litigation, arguing that Chapter 171 of
the Texas Civil Practice and Remedies Code ("Texas Arbitration Act" or "TAA") applied. In
response, Caddell argued that the TAA did not apply because section 171.002 rendered the
arbitration provision unenforceable. After a hearing, the trial court denied Cornerstone's motion.
Cornerstone then filed this interlocutory appeal.

 Section 171.002 states that the TAA does not apply to "an agreement for the acquisition by
one or more individuals of property, services, money, or credit in which the total consideration to
be furnished by the individual is not more than $50,000" unless "(1) the parties to the agreement
agree in writing to arbitrate; and (2) the agreement is signed by each party and each party's attorney."
Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(2), (b) (Vernon 2005) (emphasis added). Here, 
Cornerstone, the party who acquired Caddell's services, is not an "individual" but a corporation.
Thus, section 171.002's exception does not apply in this case. See United States v. Kellogg Brown
& Root, Inc., 525 F.3d 370, 382-83 (4th Cir. 2008) (holding that because under Texas law, the term
"individual" encompasses only human beings and does not include corporations, the exception to
the TAA enunciated in section 171.002 was not applicable to an employment agreement between
a corporation and an employee).

 We note that Caddell argues that section 171.002 should apply to this case because he is an
"individual" who acquired money (i.e., his salary) and property (i.e., benefits). Under his
interpretation, section 171.002 would apply to the facts of this case as follows: "This chapter does
not apply to . . . an agreement for the acquisition by one or more individuals [Caddell] of property
[benefits] . . . or money [salary] . . . in which the total consideration to be furnished by the individual
[Caddell] is not more than $50,000." See Tex. Civ. Prac. & Rem. Code Ann. § 171.002 (Vernon
2005). The problem with Caddell's interpretation is that he is not the "individual" furnishing the
consideration. Cornerstone furnished the consideration consisting of salary and benefits.

 Caddell also argues that Cornerstone did not establish the existence of a valid arbitration
agreement. See Dallas Cardiology Assocs. v. Mallick, 978 S.W.2d 209, 212 (Tex. App.--Texarkana
1998, pet. denied) (party seeking arbitration has initial burden of establishing that a valid arbitration
agreement exists). In support, Caddell relies on Cornerstone's answer to his request for admission
that was not before the trial court at the time of the hearing. Further, we note that the existence of
the agreement containing the arbitration provision is not an issue in this case. A copy of the
agreement was attached to Cornerstone's motion to compel arbitration. A copy of the exact same
agreement was attached to Caddell's original petition that alleged Cornerstone breached the
agreement and owed him damages. See O'Hara v. Hexter, 584 S.W.2d 310, 312 (Tex. Civ.
App.--Fort Worth 1979, no writ) ("It is not necessary for either party to prove that which is
distinctly alleged by the adverse party. . . . In the case before us it was not necessary for appellee to
authenticate the documents admitted in appellant's pleading . . . ."). 

 Caddell also argues that the arbitration provision is not enforceable because the conditions
precedent have not been fulfilled. That is, the parties did not participate in "Biblically-based
mediation." However, Caddell, not Cornerstone, is the party who filed suit rather than seeking
mediation through the agreement. Thus, Caddell waived his right to first proceed through mediation
and cannot rely on the failure of conditions precedent to evade being now compelled to arbitration.
See Northwest Constr. Co. v. Oak Partners, L.P., 248 S.W.3d 837, 852 (Tex. App.--Fort Worth
2008, pet. denied) (compelling party to arbitration, even though condition precedent of mediation
had not been fulfilled, because party filed suit without seeking mediation pursuant to the agreement);
see also In re U.S. Home Corp., 236 S.W.3d 761, 764 (Tex. 2007) (compelling parties to arbitration
even though condition precedent of mediation had not been fulfilled because while the parties'
agreements clearly contemplated mediation before arbitration, there is no indication they intended
to dispense with arbitration if mediation did not occur first). 

 We reverse the trial court's order and remand the cause to the trial court to compel arbitration
in accordance with our opinion.

 

 Karen Angelini, Justice