

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00686-CV

**GLOBAL EVANGELISM EDUCATIONAL MINISTRIES, INC.**
d/b/a Cornerstone Christian Schools,
Appellant

v.

Brandon **CADDELL**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 340160
Honorable Timothy Johnson, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:    February 18, 2009

REVERSED AND REMANDED

Global Evangelism Educational Ministries, Inc. d/b/a Cornerstone Christian Schools ("Cornerstone") brings this interlocutory appeal from the trial court's order denying its motion to compel arbitration. We reverse and remand.

Cornerstone operates a private school in San Antonio, Texas, and hired Appellee Brandon Caddell as a teacher and athletic coach. Cornerstone and Caddell entered into a written employment

contract, beginning on June 15, 2007, and ending on June 14, 2008, that contained an arbitration provision:

> [T]he parties agree that any claim or dispute arising out of, or related to, this agreement or to any aspect of the employment relationship, including statutory claims, shall be settled by Biblically-based mediation. If resolution of the dispute and reconciliation do not result from such efforts, the matter shall then be submitted to a panel of three arbitrators for final binding arbitration. Each party to this contract shall have the right to select one arbitrator. The two arbitrators selected by the parties shall jointly select the neutral, third arbitrator. The parties agree that these methods shall be the sole remedy for any controversy or claim arising out of the employment relationship or agreement and expressly waive their right to file a lawsuit against one another in civil court for such disputes, except to enforce a legally binding arbitration decision. Each party, regardless of the outcome of the matter, agree to bear the costs of his/her/its own arbitrator and one half of the fees and costs of the neutral arbitrator and any other arbitration expenses.

On January 7, 2007, Cornerstone terminated Caddell's employment. Caddell then filed a lawsuit against Cornerstone for wrongful discharge and breach of employment contract. In response, Cornerstone filed its motion to compel arbitration and stay litigation, arguing that Chapter 171 of the Texas Civil Practice and Remedies Code ("Texas Arbitration Act" or "TAA") applied. In response, Caddell argued that the TAA did not apply because section 171.002 rendered the arbitration provision unenforceable. After a hearing, the trial court denied Cornerstone's motion. Cornerstone then filed this interlocutory appeal.

Section 171.002 states that the TAA does not apply to "an agreement for *the acquisition by one or more individuals* of property, services, money, or credit in which *the total consideration to be furnished by the individual* is not more than $50,000" unless "(1) the parties to the agreement agree in writing to arbitrate; and (2) the agreement is signed by each party and each party's attorney." TEX. CIV. PRAC. & REM. CODE ANN. § 171.002(a)(2), (b) (Vernon 2005) (emphasis added). Here, Cornerstone, the party who acquired Caddell's services, is not an "individual" but a corporation.

Thus, section 171.002's exception does not apply in this case. *See United States v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 382-83 (4th Cir. 2008) (holding that because under Texas law, the term "individual" encompasses only human beings and does not include corporations, the exception to the TAA enunciated in section 171.002 was not applicable to an employment agreement between a corporation and an employee).

We note that Caddell argues that section 171.002 should apply to this case because he is an "individual" who acquired money (i.e., his salary) and property (i.e., benefits). Under his interpretation, section 171.002 would apply to the facts of this case as follows: "This chapter does not apply to . . . an agreement for the acquisition by one or more individuals [Caddell] of property [benefits] . . . or money [salary] . . . in which the total consideration to be furnished by the individual [Caddell] is not more than $50,000." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.002 (Vernon 2005). The problem with Caddell's interpretation is that he is not the "individual" furnishing the consideration. Cornerstone furnished the consideration consisting of salary and benefits.

Caddell also argues that Cornerstone did not establish the existence of a valid arbitration agreement. *See Dallas Cardiology Assocs. v. Mallick*, 978 S.W.2d 209, 212 (Tex. App.—Texarkana 1998, pet. denied) (party seeking arbitration has initial burden of establishing that a valid arbitration agreement exists). In support, Caddell relies on Cornerstone's answer to his request for admission that was not before the trial court at the time of the hearing. Further, we note that the existence of the agreement containing the arbitration provision is not an issue in this case. A copy of the agreement was attached to Cornerstone's motion to compel arbitration. A copy of the exact same agreement was attached to Caddell's original petition that alleged Cornerstone breached the agreement and owed him damages. *See O'Hara v. Hexter*, 584 S.W.2d 310, 312 (Tex. Civ.

App.—Fort Worth 1979, no writ) ("It is not necessary for either party to prove that which is distinctly alleged by the adverse party. . . . In the case before us it was not necessary for appellee to authenticate the documents admitted in appellant's pleading . . . .").

Caddell also argues that the arbitration provision is not enforceable because the conditions precedent have not been fulfilled. That is, the parties did not participate in "Biblically-based mediation." However, Caddell, not Cornerstone, is the party who filed suit rather than seeking mediation through the agreement. Thus, Caddell waived his right to first proceed through mediation and cannot rely on the failure of conditions precedent to evade being now compelled to arbitration. *See Northwest Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 852 (Tex. App.—Fort Worth 2008, pet. denied) (compelling party to arbitration, even though condition precedent of mediation had not been fulfilled, because party filed suit without seeking mediation pursuant to the agreement); *see also In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007) (compelling parties to arbitration even though condition precedent of mediation had not been fulfilled because while the parties' agreements clearly contemplated mediation before arbitration, there is no indication they intended to dispense with arbitration if mediation did not occur first).

We reverse the trial court's order and remand the cause to the trial court to compel arbitration in accordance with our opinion.

Karen Angelini, Justice