**SHARP v. FOWLER et ux.**

No. 6617.

Court of Civil Appeals of Texas.
Texarkana.

March 6, 1952.

Rehearing Denied April 3, 1952.

LeRoy LaSalle, Thomas H. Sharp, Carthage, for appellant.

Long & Strong, Carthage, Steve Miller, Tyler, for appellees.

REUBEN A. HALL, Chief Justice.

This is an action in trespass to try title brought by appellant against appellees and concerns the title to a one-fourth undivided interest in the minerals of a 29.7 acre tract of the Texas Central Railway Company Survey No. 13, in Panola County. Trial was before the court without a jury and resulted in judgment that appellant take nothing.

Appellant presents three points, asserting:

(1) That the trial court erred in holding that the deed from A. A. Jordan, administrator, to J. A. Browning passed all of the estate and title and purported to convey the entire fee title including both surface and minerals in and to the 29.7 acre tract of land owned by A. D. Cockrell at the time of his death, for the reason that said administrator's deed made reference to the deed from Frost Lumber Industries, Inc., to A. D. Cockrell, which reserved and excepted the minerals in and under said tract of land and for that reason the administrator's deed passed only the interest affected by the Frost deed.

(2) The trial court erred in its second conclusion of law that the A. A. Jordan administrator's deed to J. A. Browning referred to the deed from Frost to Cockrell only for the purpose of defining the area and boundaries.

(3) The trial court erred in its first conclusion of law in holding that the surface and mineral estates were merged when acquired by A. D. Cockrell.

On February 27, 1926, Louis Werner Saw Mill Company conveyed to Frost Lumber Industries, Inc., the entire Texas Central Railway Company Survey No. 13, which in-

cludes the 29.7 acre tract. That deed contained the following reservation: "There is saved, reserved and excepted from this conveyance all of the coal, oil, gas, minerals and mineral substances upon, within and under said tracts of land, or which may hereafter be found upon, within and under said tracts of land, with necessary rights of ingress and egress for the purposes of prospecting for, discovering, reducing to merchantable form and marketing such coal, oil, gas, minerals, and mineral substances from and off of said land, without however, the right to cut down or otherwise destroy any timber on said land, without the payment' of the market value therefor."

On February 4, 1935, Frost Lumber Industries, Inc., conveyed to A. D. Cockrell the 29.7 acre tract of land and that deed contained the same reservation with respect to the minerals as set out above.

By deed dated September 10, 1935, Louis Werner Saw Mill Company conveyed to Frost Lumber Industries, Inc., all the minerals under the 29.7 acre tract theretofore retained by it.

On September 16, 1935, Frost Lumber Industries, Inc., conveyed to A. D. Cockrell all the minerals in the 29.7 acre tract of land theretofore reserved. Thereafter, Cockrell conveyed three-fourths of the minerals under the 29.7 acre tract of land to two parties, leaving the title to the 29.7 acre tract of land and one-fourth undivided interest in the minerals in him. This was the situation at the time of Cockrell's death.

On July 17, 1939, A. A. Jordan, administrator of the estate of A. D. Cockrell, deceased, acting under proper orders of the probate court of Panola County, conveyed the 29.7 acre tract of land to J. A. Browning; and on November 2, 1939, J. A. Browning conveyed the same land to appellee Ples Fowler. The deed from Jordan, administrator, to J. A. Browning and the deed from J. A. Browning to appellee Fowler contained the following description: "have granted, sold and conveyed * * * the following described tract of land * * 50 acres of land situated in Panola County, Texas, and being 20.3 acres of the John Simpson Headright Survey, and 29.7 acres

of the T. C. Railway Company No. 13, *and being the same land described in a deed from Frost Lumber Industries, Inc., of Texas, to A. D. Cockrell, dated the 4th day of February, A. D. 1935,* and of record in Vol. 102, page 462, Deed Records of Panola County, Texas." (Italics ours.) It is appellant's contention that the above quoted reference to the deed from Frost Lumber Industries, Inc., to A. D. Cockrell renders the deeds from Jordan to Browning and from Browning to Fowler ineffective to convey the one-fourth undivided mineral interest in said tract of land. All of the above deeds to which reference is made conveyed 50 acres of land in two tracts, but only the minerals in the 29.7 acre tract are here involved. The above statement will clarify the conclusions of the trial court wherein reference is made in each to a 50 acre tract instead of the 29.7 acre tract alone. The trial court concluded as a matter of law that the deed from Frost Lumber Industries, Inc., to Cockrell, conveying the surface only of the land and the deed dated September 16, 1935, conveying all the minerals of Frost Lumber Industries, Inc., in and under said tract of land merged the two estates and vested same in A. D. Cockrell. The trial court also concluded that as a matter of law the reference in the deed from Jordan, administrator, to the deed from Frost Lumber Industries, Inc., to A. D. Cockrell dated the 4th day of February, 1935, did not limit the interest in the land conveyed by Jordan, and that such description was used for the purpose of defining the area and boundaries of the 50 acre tract of land. The trial court concluded further that the deed from A. A. Jordan, administrator, to J. A. Browning, dated July 17, 1939, "passed all of the title and estate owned by A. D. Cockrell at the time of his death in and to the 50 acre tract of land described in such deed, which includes the 29.7 acre tract described in plaintiff's original petition and involved in this suit; this conclusion is based upon the fact that such deed expressed no words of limitation, exception or reservation but granted all of the right, title and interest of the said A. D. Cockrell, deceased, in and to the 50 acre tract of land."

The sole and only question for this court to determine is whether the reference in the Jordan deed to the Frost Lumber Industries, Inc., deed to Cockrell had the effect of severing the one-fourth undivided interest in the minerals from the 29.7 acres of land. We think the conclusions of law above set forth completely answer this question. As we view this record, the reference by Jordan, administrator, to the Frost Lumber Industries, Inc., deed to Cockrell could perform no other function than that of giving a proper description of the property sold. Nowhere in the deed of Jordan, administrator, is any language that could be, in any wise, construed as a reservation of the one-fourth undivided mineral estate. "The general rule is that a deed will pass whatever interest the grantor may have in the land, unless words are used showing an intention to convey a less estate. And, where the granting clause is apt to transfer all the interest of the grantor, an intention to convey a less estate than the grantor has is not manifested by a recital of the grantor's source of title. Such a recital is usually regarded as mere descriptive matter which does not restrict the granting clause." Peavy-Moore Lumber Co. v. Duhig, Tex.Civ.App., 119 S.W.2d 688, 690, affirmed by 135 Tex. 503, 144 S.W.2d 878. In Duhig v. Peavy-Moore Lumber Co., 144 S.W.2d 878, 879, our Supreme Court says in affirming the Court of Civil Appeals in the above case: "It is our opinion that the statement in the deed, that the land described is the same tract as that formerly owned by Talbot-Duhig Lumber Company and conveyed to Duhig by Talbot, is not intended to define or qualify the estate or interest conveyed but that it is inserted to further identify the tract or area described by metes and bounds. * * * This description includes the minerals, as well as the surface, and thus the granting clause purports to convey both the surface estate and all of the mineral estate." In Coffee v. Manly, Tex.Civ.App., 166 S.W.2d 377, 379, (writ refused), it is held that a clause in a contract: "'being the same land conveyed to us by Mary A. Manly on December 31, 1919' * * * could, of course, have served the purpose of supplying wholly the description of the land; as would have been the case if the contract contained no other description. * * * Another purpose of the reference could have been to show from what source the land was derived and as a help in tracing the title. Still another purpose could have been to furnish an additional or more detailed description of the land. We think we may assume that said reference was for one or the other, or both, of the last named purposes." It is a general rule that if a deed is susceptible of two constructions that construction will be adopted which is more favorable to the grantee. Rio Bravo Oil Co. v. Staley Oil Co., Tex.Civ.App., 138 S.W.2d 838, 839, affirmed by 138 Tex. 198, 158 S.W.2d 293. "The rule is too well established to admit of debate that a deed must be construed most favorably to the grantee so as to confer the largest estate which a fair interpretation of its terms will admit." Gladewater County Line Ind. School Dist. v. Hughes, Tex.Civ.App., 59 S.W.2d 351, 353, affirmed Tex.Com.App., 124 Tex. 190, 76 S.W.2d 471.

We conclude, then, that the trial court correctly held that the surface estate and the mineral estate were merged when the Frost Lumber Industries, Inc., in their last deed to Cockrell conveyed to him the mineral estate in the 29.7 acres of land and that the reference in the Jordan, administrator, deed to Browning and in the deed from Browning to appellee Fowler was for the purpose of describing the tract of land conveyed and in no wise limited the estate conveyed by said deeds.

The judgment of the lower court is affirmed.