## THOMAS H. SHARP, TRUSTEE v. PLES FOWLER ET UX.

No. A-3662. Decided November 5, 1952.
(252 S. W., 2d Series, 153.)

*Thomas H. Sharp & LeRoy LaSalle,* both of Carthage, for petitioner.

The Court of Civil Appeals erred in holding that the reference in a deed to a former deed as "being the same land described" in said former deed, did not serve the purpose of supplying wholly the description of the land and estate affected by said deed, and when read in connection with the former deed to which it referred failed to limit or define the estate or interest conveyed as being the surface estate only. Peavy-Moore Lumber Co. v. Duhig, 135 Texas 503, 144 S. W. 2d 878; Coffee v. Manley, 166 S.W. 2d 377; Cullers v. Platt, 81 Texas 258, 16 S.W. 1003.

*Long & Strong,* of Carthage, and *Steve Miller,* of Tyler, for respondents.

Where a deed contains no language showing an intent to convey a lesser interest than that owned by the grantor, such

an intent cannot be presumed from a descriptive clause referring to grantor's sought of title, because such clause is regarded as words of additional description only. Davis v. Tate, 101 S.W. 2d 1069; Sun Oil Co. v. Burns, 125 Texas 549, 84 S. W. 2d 442.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This suit was brought by petitioner against respondents in the form of an action in trespass to try title to an undivided ¼th mineral interest in a 29.7-acre tract of land in Panola County. A trial before the court sitting without a jury resulted in a judgment that petitioner take nothing, which judgment was affirmed by the Court of Civil Appeals. 248 S. W. 2d 322. Petitioner's claim of title comes through a deed from the heirs of A. D. Cockrell, and respondents' claim of title comes through a prior deed from the administrator of Cockrell's estate to their predecessor in title. If the administrator's deed was effective to pass the ¼th mineral interest along with the surface of the land to respondents' predecessor in title, there is no basis for petitioner's claim.

A brief recital of the transactions leading up to this controversy is necessary to an understanding of the precise question before us for decision. On February 4, 1935, Frost Lumber Industries, Inc. (hereinafter referred to as Frost), conveyed to A. D. Cockrell 50 acres of land, being a 20.3-acre tract out of the John Simpson Survey (not involved in this suit), and the 29.7-acre tract out of the Texas Central Railway Survey No. 13 involved in this suit. Each tract was described by metes and bounds. The minerals in the 29.7-acre tract belonged at that time to Louis Werner Sawmill Company (hereinafter referred to as Werner), and they were excepted from the grant in the Frost deed. On September 10, 1935, Werner conveyed those minerals to Frost, who, in turn, by deed dated September 16, 1935, conveyed them to Cockrell. Thereafter, Cockrell conveyed away ¾ths of those minerals, with the result that at the time of his death he had title to the surface and an undivided ¼th interest in the minerals in the 29.7-acre tract.

On July 17, 1939, A. A. Jordan, as administrator of the estate of A. D. Cockrell, deceased, conveyed the 29.7-acre tract to J. A. Browning, respondents' predecessor in title. In that deed the land was described as follows:

"50 acres of land situated in Panola County, Texas, and being

20.3 acres of the John Simpson Headright Survey, and 29.7 acres of the T. C. Railway Company No. 13, and being the same land described in a deed from Frost Lumber Industries, Inc. of Texas, to A. D. Cockrell, dated the 4th day of February, A. D. 1935, and of record in Vol. 102, page 462, Deed Records, Panola County, Texas."

The sole question for decision is whether the grant of land in the Jordan deed, which normally would include both the surface and the minerals, was limited to the surface only by virtue of the reference for description to the Frost deed, in which all of the minerals were excepted and only the surface conveyed. Stated in other language, the question is: Did the reference to the Frost deed operate to qualify the estate conveyed and in effect reserve the ¼th mineral interest to the Cockrell estate, or did that reference serve only to define the area and boundaries of the land conveyed? Both courts below held that the reference in the Jordan deed to the Frost deed was merely descriptive of the boundaries of the land conveyed and did not serve to except the ¼th mineral interest from the grant or reserve it to the grantor. Their conclusions were based upon the broad ground that a deed passes whatever interest a grantor has in the land, in the absence of language showing an intention to grant a less estate. That is a sound elementary principle of conveyances. Our inquiry, then, is limited to the question of whether words were used in the Jordan deed which show an intention to convey an interest less than that owned by the Cockrell estate.

1, 2 Analyzing the description in that deed, it will be observed in the first place that it contains a grant of "land." That is a term which on its face includes the minerals in and under the land. The broad scope of the meaning of the word "land" is well illustrated by our decision in Holloway's Unknown Heirs v. Whatley, 133 Texas 608, 131 S. W. 2d 89, 123 A.L.R. 842. Following the grant there is designated the number of acres granted and the county and survey in which the land is located. That language, standing alone, is insufficient to constitute a legal description of the land. Smith v. Sorelle, 126 Texas 353, 87 S. W. 2d 703; Adams v. Duncan, 147 Texas 332, 215 S. W. 2d 599. But the description is made certain by the language "being the same land described in" the Frost deed. To describe land is to outline its boundaries so that it may be located on the ground, and not to define the estate conveyed therein. It is to be observed that the reference in the Jordan deed is not to the land *conveyed*

in the Frost deed but to the land *described* in that deed. (Italics ours.)

**3**  A reservation of minerals to be effective must be by clear language. Courts do not favor reservations by implication. Sellers v. Texas Cent. Ry. Co., 81 Texas 458, 17 S. W. 32, 13 L.R.A. 657; State v. Black Bros., 116 Texas 615, 297 S. W. 213, 53 A.L.R. 1181. The most that could be said of the reference to the Frost deed for description of the land conveyed by the Jordan deed is that it carried the bare implication that only the surface was being conveyed. That implication, if in fact it be one, should not be held to overcome the unconditional grant of land expressed in other language in that deed, and limit that grant to the surface of the land. From a consideration of the Jordan deed in all its parts, it is our conclusion that its language evidences no intention to reserve the $\frac{1}{4}$th mineral interest owned by the Cockrell estate.

Much of the argument in the briefs is centered around three cases: Duhig v. Peavy-Moore Lumber Co., 135 Texas 503, 144 S. W. 2d 878, affirming the Court of Civil Appeals opinion in 119 S. W. 2d 688; Winters v. Slover, 151 Texas 485, 251 S. W. 2d 726; and Coffee v. Manly, 166 S. W. 2d 377, error refused. Each of those cases is distinguishable from the instant case. It is unnecessary to point out all of the grounds of distinction, but this obvious one applies to all three cases: The Jordan deed contains but one adequate description of the boundaries of the land; that is the description supplied by the reference of the Frost deed; whereas, each of the other deeds contains both a particular description and a general description, and there was some question as to which description should prevail. Although distinguishable, the Duhig case announced principles which support our conclusion above announced.

The case is affirmed.

Opinion delivered November 5, 1952.