ACCEPTED
12-15-00177-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/26/2015 1:41:17 PM
Pam Estes
CLERK

## CAUSE NO. 12-15-00177-CV

**IN THE**

**COURT OF APPEALS**

**FOR THE**

**TWELFTH COURT OF APPEALS DISTRICT**

**AT**

**TYLER, TEXAS.**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/26/2015 1:41:17 PM
PAM ESTES
Clerk

**WALTER BOUNDS and wife, CAROLYN B. BOUNDS,**
**Appellants and Cross-Appellees,**

**VS.**

**JOHN THOMAS PRUD'HOMME, JOSEPH GILBERT PRUD'HOMME, JOSEPH LYNN PRUD'HOMME, PETER A. BREEN, Individually and as Successor Trustee of the BREEN FAMILY TRUST, JANET M. SUTRO, SUSAN E. BREEN, and TERRANCE E. BREEN, individually and d/b/a E. G. AND M. A. PRUD'HOMME BENEFICIARIES PARTNERSHIP,**
**Appellees and Cross-Appellants.**

## BRIEF OF CROSS-APPELLEE

Thomas R. McLeroy, Jr.
Bar No. 13766800
P. O. Box 668
Center, Texas 75935
(936) 598-2701
FAX (936) 598-6086

**ATTORNEY FOR APPELLEE**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**TABLE OF CONTENTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page i**

**INDEX OF AUTHORITIES.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page ii**

**ISSUES PRESENTED**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

    **ISSUE NO. 1**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

        **DID THE TRIAL COURT ERR IN RULING THAT THE CROSS-APPELLANTS' DEEDS TO THE BOUNDS WERE AMBIGUOUS?**

    **ISSUE NO. 2**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

        **DID THE TRIAL COURT ERR IN CONSTRUING THE CROSS-APPELLANTS' DEEDS TO THE BOUNDS TO NOT RESERVE THE MINERAL ESTATE TO THE GRANTORS**

**ARGUMENT AND AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

    **(Under Issues Numbers 1 and 2)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page 2**

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 7**

**PRAYER.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 7**

**CERTIFICATE OF COMPLIANCE**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page 8**

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 8**

# INDEX OF AUTHORITIES

**STATUTES:**

**TEX. PROP. CODE, § 5.01(a)**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 3**

**RULES:**

**TEX. R. APP. P., 9.4(3)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 8**

**TEX. R. APP. P., 9.5**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 8**

**CASES:**

*Concord Oil Co. v. Pennzoil Exploration and Prod. Co.*,
    **966 S.W.2d 451 (Tex. 1998)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . **page 4**

*Dahlberg v. Holden*, **150 Tex. 179, 238 S.W.2d 699 (1951)**. . . . . . . . . . . **page 6**

*Harris v. Windsor*, **156 Tex. 324, 294 S.W.2d 798 (1956)**. . . . . . . . . . . . . **page 4**

*Johnson v. Connor*, **260 S.W.3d 575 (Tex. App. –Tyler, 2008, no pet.)**. . **page 3**

*Nevel v. TFW Management, Inc.*, **2012 WL 220252 (Tex. App.**
    **–Tyler, 2012, no pet.)(mem. op.)**. . . . . . . . . . . . . . . . . . . . . . . . . . . **page 4**

*Sharp v. Fowler*, **151 Tex. 490, 252 S.W.2d 153 (1952)**. . . . . . . . . . . . . . **page 3**

## CAUSE NO. 12-15-00177-CV

IN THE

COURT OF APPEALS

FOR THE

TWELFTH COURT OF APPEALS DISTRICT

AT

TYLER, TEXAS.

**WALTER BOUNDS and wife, CAROLYN B. BOUNDS,**
Appellants and Cross-Appellees,

**VS.**

**JOHN THOMAS PRUD'HOMME, JOSEPH GILBERT PRUD'HOMME, JOSEPH LYNN PRUD'HOMME, PETER A. BREEN, Individually and as Successor Trustee of the BREEN FAMILY TRUST, JANET M. SUTRO, SUSAN E. BREEN, and TERRANCE E. BREEN, individually and d/b/a E. G. AND M. A. PRUD'HOMME BENEFICIARIES PARTNERSHIP,**
Appellees and Cross-Appellants.

## BRIEF OF CROSS-APPELLEE

**TO THE HONORABLE COURT OF APPEALS:**

Now come **WALTER BOUNDS and wife, CAROLYN B. BOUNDS,** the Cross-Appellees in the above styled and numbered matter, and, in reply to Cross-Appellants' brief heretofore filed herein, respectfully submits the following brief of his arguments and authorities. In this brief, the Cross-Appellees will sometimes be referred to as, "the Bounds," and the Cross-Appellants as "the Breens."

## ISSUES PRESENTED

### ISSUE NO. 1

**DID THE TRIAL COURT ERR IN RULING THAT THE CROSS-APPELLANTS' DEEDS TO THE BOUNDS WERE AMBIGUOUS?**

### ISSUE NO. 2

**DID THE TRIAL COURT ERR IN CONSTRUING THE CROSS-APPELLANTS' DEEDS TO THE BOUNDS TO NOT RESERVE THE MINERAL ESTATE TO THE GRANTORS?**

### ARGUMENT AND AUTHORITIES
(Under Issues Numbers 1 and 2)

The Breens have mischaracterized the transaction by which the Bounds acquired the property in question as having occurred in two phases. (Cross-Appellants' Brief, pg. 5). The circumstances requiring the Breens' execution of deeds was clearly explained in Appellants' Brief previously filed herein, (Brief of Appellant, pp. 5 -6), and is amply supported by the admissions of the Breen's only witness. In order to address the title company's requirement for issuance of the title insurance policy that the Prud'hommes were required to furnish as part of their sales contract, the Breens were required to execute the deeds. While it is true that the deeds were executed at different times and places, it is not true that the execution of the deeds was done pursuant to a separate transaction which did not involve the original contract between the Bounds and the Prud'hommes. They were executed as a prerequisite for the closing of only one transaction that required the Prud'hommes to convey to the Bounds a title

which the insurance company would insure.  While closing the sale involved separate execution of the deeds, there was no evidence offered at the trial that the sale's closing occurred in separate transactions, that the Breens' deeds were delivered at a different time than the Prud'hommes' deed or that the Breens were paid separately from the Prud'hommes at a different time. Characterization of the events as having occurred in two phases does not accurately reflect the unity of the entire transaction.

Cross-Appellants assert that no magic words are needed to create a mineral reservation and the absence of specific language is not determinative. (Cross-Appellants' Brief, pg. 7).  While, as a general statement, it may be true that there is no particular combination of words which are necessary to express the intention to reserve minerals from a conveyance, some combination of words that clearly and expressly reveal such an intention are required.  TEX. PROP. CODE, § 5.01(a); *Sharp v. Fowler*, 151 Tex. 490, 494, 252 S.W.2d 153, 154 (1952); *Johnson v. Connor*, 260 S.W.3d 575, 579 (Tex. App. –Tyler, 2008, no pet.).  No matter what words are used, a mineral reservation must be clearly made in express words and may not be implied. *Sharp v. Fowler*, 151 Tex. *at* 494, 252 S.W.2d *at* 154.  In this case, the words on which the Breens rely to establish a reservation appear after a heading that marks the space provided in a standard form for the insertion of three legally different contractual conditions of the conveyance.  The phrase which was inserted in the space was an incomplete statement which failed to clearly and expressly identify the operable terms of a

reservation or exception from the conveyance. The cases cited by the Breens in support of their claim that specific language is not required to effect a reservation are not on point. The mineral reservation in *Harris v. Windsor* explicitly provided that "There is, however, Expressly Excepted from this conveyance and Reserved by the . . ." grantor a specific undivided interest in the mineral estate. *Harris v. Windsor*, 156 Tex. 324, 326, 294 S.W.2d 798, 799 (1956). The issue of construction in that case was not whether a reservation had been made, but whether a reference in the parties' prior deeds to other transactions "for all purposes" diminished the mineral interest that the grantor clearly reserved. The *Concord Oil* case did not involve a mineral reservation, but the construction of a mineral deed that purported to convey an undivided one-ninety sixth interest in minerals and, in addition, one-twelfth of the rentals and royalties. *Concord Oil Co. v. Pennzoil Exploration and Prod. Co.*, 966 S.W.2d 451, 453 (Tex. 1998). The issue in that case was not whether the deed was effective to convey an interest in the minerals, but the proper construction of the effect to be given the deed's mention of different fractions in connection with different aspects of the mineral interests it conveyed. It should be observed that the court in that case, although it did not expressly acknowledge the general rule, construed the deed in question to grant the greatest estate that the grantor could convey. *Concord Oil Co. v. Pennzoil Exploration and Prod. Co.*, 966 S.W.2d *at* 459. *Nevel v. TFW Management, Inc.*, involved the construction of subdivision restrictions and was not an oil and gas case. *Nevel v. TFW Management, Inc.*,

**2012 WL 220252 (Tex. App. –Tyler, 2012, no pet.)(mem. op.)**. The Breens misstate the court's conclusions in that case. The court held that, because the language of the restrictions in question plainly stated that the fee in question was part of the maintenance charge that the homeowner's association could change, and the absence of any language showing an intent that the fee could not be changed, the homeowners association could raise the fee. The court's holding was, therefore, that the intent expressed by the specific language of the writing prevails over an unexpressed intent.

The Breens have offered this court no convincing argument, other than their own *ipse dixit*, that would explain why the clause inserted after the heading should relate only to the term "reservation from conveyance," rather than to an "exception to warranty." The language following the heading contains no directions concerning what is to happen to the "title to the oil, gas and other minerals. . ." and does not clearly and expressly declare that the grantors are reserving or excepting the same from the conveyance. The only other places where the word, "reservation," appears are in the operative language of the deeds and have reference only to the previous section of the deed where the heading appears. Those subsequent sections contain no additional language clearly and expressly reserving the minerals to the grantors or clarifying to what the title to the oil, gas and other minerals related.

The only express reference in the Breen's deeds to a "reservation" occurs in the standard heading provided by a form to designate the space where the

inclusion of other matters affecting the conveyance, including exceptions from the sale and from the warranty, might be placed. In arguing that the language obviously creates a reservation of the minerals and an exception to the conveyance of those minerals previously reserved, they ignore the possibility that the space following the heading would typically be used to list other matters related to the conveyance. Undoubtedly, that space could be used to insert language making the conveyance "subject to all prior reservations or conveyances of the oil, gas and other minerals." The suggested insertion is not a reservation of the minerals to the grantor nor an exception to the conveyance of any minerals, but would operate only as a qualification of the grantor's warranty of title to the minerals. The rule requiring contracts to be construed against the scrivener does not permit a court to rewrite the parties contract. *See Dahlberg v. Holden*, 150 Tex. 179, 183, 238 S.W.2d 699, 701 (1951)(stating that, while the courts should avoid, if possible, holding a contract void on the ground of uncertainty, they have no right to interpolate or to eliminate terms of material legal consequence in order to uphold it). Even if this court was permitted to rewrite the parties' contract for them, there is no logic which would dictate that it should insert "The Grantors reserve the" title to the oil, gas and other minerals, in preference to "This conveyance is made subject to the ownership of the" title to the oil, gas and other minerals.

As outlined in the "Brief of Appellant" under the "Argument and Authorities (Under Issue No. 1), (Brief of Appellant, pp. 10 - 10), and for the

reasons stated therein, the proper construction of the Breens' deeds required the trial court to find that they were ambiguous and that, particularly in light of the contract pursuant to which they were executed, the parties intended to convey all of their interest in the property, including their mineral interest, to the Bounds.

## CONCLUSION

The trial court did not err in ruling that the Breen's deeds to the Bounds were ambiguous; and

The trial court did not err in construing the Breen's deeds to the Bounds to contain no reservation of the mineral estate to the grantors.

## PRAYER

For the reasons enumerated above and in the "Brief of Appellant" filed herein on September 22, 2015 , Cross-Appellee prays this court to enter its orders:

Affirming that portion of the trial court's judgment that awarded Bounds title to and possession of an undivided 5% interest in the mineral estate claimed by Appellants, Peter A. Breen, individually and as Successor Trustee of the Breen Family Trust, Janet M. Sutro, Susan E. Breen, and Terrance E. Breen.

Granting the relief prayed for in the "Brief of Appellant" filed herein on September 22, 2015;

Taxing costs against Cross-Appellants; and

Granting such other and further relief to Appellant as they may show themselves entitled.

Respectfully Submitted:

Thomas R. McLeroy, Jr.
P. O. Box 668
Center, Texas  75935
(936) 598-2701
FAX (936) 598-6086


BY: /s/ Thomas R. McLeroy, Jr.
Attorney for Appellant.

## CERTIFICATE OF COMPLIANCE

In compliance with TEX. R. APP. P., 9.4(3) , I certify that the word-count of the foregoing brief is1,484 words.

/s/ Thomas R. McLeroy, Jr.
_____
Attorney for Appellant

## CERTIFICATE OF SERVICE

In compliance with **TEX. R. APP. P., 9.5**, I hereby certify that service of the foregoing pleading was this date made upon counsel for all parties to this appeal as follows:

| Date | Manner of Service | Name and Address of Persons Served |
|------|-------------------|-------------------------------------|
| 10/26/2015 | eservice | Mr. Robert G. Hargrove<br>Osborn, Griffith & Hargrove<br>515 Congress Avenue, Suite 2450<br>Austin, Texas 78701<br>(512) 476-3529<br>FAX (512) 476-8310<br>rob@texasenergylaw.com<br>Bar No. 24032391 |

/s/ Thomas R. McLeroy, Jr.
**Attorney for Appellant**