Opinion filed January 27, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00046-CV

_____

## RUDOLFO B. HUGHES, Appellant

## V.

## CJM RESOURCES, LP AND CJM OIL & GAS, INC., Appellees

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV55852**

### O P I N I O N

This is an appeal from an order granting a plea to the jurisdiction. It involves a dispute over who owns the causes of action for fraud and negligent misrepresentation that arise from the leasing of mineral interests for oil and gas operations. The trial court determined that the plaintiff no longer owned the causes

of action after he conveyed his mineral and royalty interests to a third party. The plaintiff challenges this determination in a single issue. We affirm.

*Background Facts*

On September 19, 2017, Rudolfo B. Hughes and Appellee CJM Resources, LP entered into a paid-up oil and gas lease. This lease covered Hughes's 12.50 net mineral acres in the following properties: "N/2 and SW/4 of Section 31, Block 34, Township 3 North, of Martin County, Texas." CJM offered Hughes $2,500 per net mineral acre for a total bonus of $31,250.

Hughes filed the underlying lawsuit against CJM Recourses, LP and CJM Oil & Gas, Inc. (collectively CJM) in August 2019. Hughes asserted that CJM made representations to him during the lease negotiations to the effect that CJM was paying him "top dollar bonus money" that was the same amount being paid to his siblings and that he would be receiving royalty payments within three months. Hughes asserted that these representations were false, and he asserted claims against CJM for fraud and negligent misrepresentation.

CJM filed a plea to the jurisdiction asserting that Hughes did not have standing because he had conveyed his claims to Decatur Mineral Partners, Ltd. In the plea to the jurisdiction, CJM asserted that in September 2018, Hughes had filed a "virtually identical" lawsuit against CJM that the trial court dismissed for lack of standing.

In the prior lawsuit, the trial court determined that Hughes lacked standing because Hughes had conveyed any cause of action he had regarding the lease to Decatur Mineral Partners, Ltd. Hughes's assignment to Decatur provided that Hughes conveyed all his "claims and interests in and to the following described well(s), land(s) and/or unit(s)" to Decatur. Hughes signed the assignment to Decatur on February 15, 2018.

2

In this proceeding, there is no dispute that Hughes conveyed the claims to Decatur in 2018. Hughes now asserts that Decatur reconveyed the claims back to him in a 2019 assignment that was made effective January 1, 2018. The resolution of this appeal hinges on whether Decatur continued to possess the claims when it reconveyed them back to Hughes. In this regard, there was an intervening conveyance—on November 21, 2018, Decatur executed a mineral deed in favor of Universal Royalty & Mineral Fund I, LP. This deed purported to convey to Universal all of Decatur's interest that it received from Hughes. Hughes asserts that Decatur did not convey the causes of action associated with the property to Universal. Rather, Hughes contends that Decatur's deed to Universal excepted or reserved the causes of action that Hughes now asserts. The trial court granted CJM's plea to the jurisdiction based upon its determination that Decatur's deed to Universal conveyed everything that Decatur received from Hughes in the original conveyance, including any causes of action.

*Analysis*

In his sole issue, Hughes asserts that the trial court erred in deciding that it lacked subject-matter jurisdiction over his claims. Specifically, Hughes asks that we find that Decatur retained all of the causes of action irrespective of the mineral deed to Universal. A plea to the jurisdiction is a dilatory plea that seeks dismissal of a cause of action without regard to whether the claim has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). An assertion that the trial court lacks subject-matter jurisdiction over a claim is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because the existence of subject-matter jurisdiction is a question of law, we review de novo the trial court's ruling on a plea to the jurisdiction. *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding). "A plea to the jurisdiction

3

'may challenge the pleadings, the existence of jurisdictional facts, or both.'" *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)).

The resolution of this appeal requires us to interpret the mineral deed from Decatur to Universal to determine if Decatur retained the causes of action after the conveyance—because Decatur purportedly conveyed the claims back to Hughes after the conveyance to Universal. In this regard, Hughes is not relying on the retroactive effective date of the assignment of claims from Decatur back to him. *See In re Estate of Abraham*, 583 S.W.3d 374, 379 (Tex. App.—El Paso 2019, pet. denied)[1] ("[T]raditionally, a 'deed takes effect only from the date of its delivery[.]'" (quoting *Tuttle v. Turner, Wilson & Co.*, 28 Tex. 759, 773 (1866))). To the contrary, Hughes asserts that Decatur never conveyed to Universal the causes of action that he now asserts. Thus, Hughes contends that Decatur continued to possess the causes of action when it attempted to reconvey them back to Hughes.

Our task when construing an unambiguous deed is to "ascertain the intent of the parties from the language in the deed" as expressed within the "four corners" of the instrument. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). The four-corners rule requires the court to ascertain the intent of the parties solely from all of the language in the deed. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017) (citing *Luckel*, 819 S.W.2d at 461). The intent that governs is not the intent that the parties meant but failed to express but, rather, the intent that is expressed. *Luckel*, 819 S.W.2d at 462. Additionally, we must strive to "harmonize all parts of the deed" and construe it "to give effect to all of its provisions." *Id.* When different parts of a

---

[1] In *Estate of Abraham*, the El Paso Court of Appeals addressed a deed with a retroactive effective date. 583 S.W.3d at 379. The court noted that permitting a conveyance to take effect in accordance with a retroactive effective date "would only invite mischief in the world of secured transactions and creditors rights." *Id.*

deed appear to be contradictory or inconsistent, we must attempt to construe the instrument so that no provision is rendered meaningless. *Id.*

An appellate court may only construe a deed as a matter of law if it is unambiguous. *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018) (citing *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609, 613 (Tex. 2005)). If a deed is worded in such a way that it can be given a certain or definite legal meaning, then the deed is not ambiguous. *Endeavor Energy Res., L.P. v. Discovery Operating, Inc.*, 554 S.W.3d 586, 601 (Tex. 2018). Neither party contends the that deed to Universal is ambiguous, nor do we find it to be ambiguous.

Generally, deeds are construed to confer upon the grantee the greatest estate that the terms of the instrument will allow. *Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963); *Rahlek, Ltd. v. Wells*, 587 S.W.3d 57, 64 (Tex. App.—Eastland 2019, pet. denied). In other words, a deed will pass whatever interest the grantor has in the land, unless it contains language showing a clear intention to grant a lesser estate. *Rahlek, Ltd.*, 587 S.W.3d at 64; s*ee Sharp v. Fowler*, 252 S.W.2d 153, 154 (Tex. 1952). Thus, unless the deed contains reservations or exceptions that reduce the estate conveyed, a warranty deed will pass all of the estate owned by the grantor at the time of the conveyance. *Cockrell v. Tex. Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672, 675 (1956); *Rahlek, Ltd.*, 587 S.W.3d at 65.

Hughes first contends that Decatur did not convey to Universal the causes of action Decatur obtained from Hughes. Generally, causes of action are freely alienable. *See State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 705–07 (Tex.1996) (absent specific circumstances, causes of action in Texas are freely assignable). And as previously noted, there is no dispute that Hughes conveyed his causes of action to Decatur as a result of his conveyance to Decatur.

5

Decatur's deed to Universal provided in relevant portion as follows:

[Decatur] does hereby grant, bargain, sell, convey, and transfer to [Universal] all of [Decatur's] interest in the Section 31, Block 34, Township 3 North, T&P RR Co. Survey, Abstract 28, Martin County, Texas (hereinafter the "Subject Lands"), being 100% of the oil, gas and other minerals conveyed to [Decatur] by the certain Sale, Conveyance and Assignment of Mineral and Royalty Interests dated February 15, 2018, recorded on February 20, 2018, in Volume 599, Page 730 of the Official Public Records of Martin County, Texas[.]

Thus, the deed states that it is conveying all of Decatur's interest in the property to Universal. Additionally, the conveyance identifies that the interest that Decatur is conveying to Universal is the interest that Decatur received from Hughes. Accordingly, we conclude that the parties' objective intent in the conveyance from Decatur to Universal was for Decatur to convey all interests it obtained from Hughes and that these interests included the causes of action that Hughes conveyed to Decatur.

Hughes cites to the language in the deed from Hughes to Decatur in comparison with the language in the deed from Decatur to Universal as evidence that Decatur and Universal did not intend to convey any causes of action from Decatur to Universal.[2] Hughes's reliance on the language of the deed from him to Decatur is misplaced.

_____

[2]In relevant portion, the deed from Hughes to Decatur conveyed the following:

All (100%) of the oil, gas and other minerals, in and on and under, and that may be produced, saved, sold and/or marketed from ANY AND ALL LANDS DESCRIBED ON THE ATTACHED EXHIBIT "A" IN MARTIN COUNTY, TEXAS and including the following described well(s), land(s) and/or unit(s), effective as of the date hereof, which lands are hereinafter referred to collectively as the "Lands" including all mineral interest, royalty interests, overriding royalty interest, production payment interests, oil, gas and mineral leasehold estate interests, and all of Grantor's rights, titles[,] claims and interests in and to the following described well(s), land(s) and/or unit(s) . . . .

In general, absent ambiguity, fraud, accident, or mistake, courts will not consider extrinsic evidence in construing the intentions of the parties to the deed. *CenterPoint Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Ulbricht v. Friedsam*, 325 S.W.2d 669, 673 (Tex. 1959); *Richardson v. Hart*, 185 S.W.2d 563, 564 (Tex. 1945)). Here, there is no contention of ambiguity, fraud, accident, or mistake regarding the deed from Decatur to Universal. Thus, because the deed from Decatur to Universal is unambiguous, our analysis is limited to the four corners of the deed from Decatur to Universal. *See Luckel*, 819 S.W.2d at 461. Therefore, we decline Hughes's invitation to compare the language of the two deeds.

Hughes next contends that, even if the deed from Decatur to Universal conveyed the causes of action to Universal in one portion of the deed, another portion of the deed contained specific language exempting the causes of action from the assignment. Hughes asserts that the following language in the third paragraph of the deed excepts the causes of action from the conveyance:

> This conveyance is made subject to any right now existing in favor of any Lessee or its assigns under any valid and subsisting oil and gas lease covering the Subject Lands now appearing of record in Martin County, Texas. *It is understood that the Grantee shall have, receive, and enjoy the Grantor's proportionate right, title, and interest in or to bonus, rents, and royalties and other benefits which may accrue after the date of this Mineral Deed, as if Grantee had been, at the date of making any current, valid, and subsisting lease, the owner of the mineral interests herein conveyed.*

(Emphasis added). Specifically, Hughes asserts that "[b]y temporally limiting the interest being conveyed to 'after the date of the mineral deed,' Decatur is excepting from the conveyance any interest it has obtained prior to the date of the Mineral Deed, which is made effective January 1, 2018." Thus, Hughes contends that the

7

causes of action that he conveyed to Decatur were excepted from the conveyance from Decatur to Universal because they arose prior to January 1, 2018.

Both reservations and exceptions in deeds must be clear and specific. *Rahlek, Ltd.*, 587 S.W.3d at 65. We will not find "reservations by implication." *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 119 (Tex. 2018) (quoting *Sharp*, 252 S.W.2d at 154, 252 S.W.2d at 154); *Rahlek, Ltd.*, 587 S.W.3d at 65. Similarly, exceptions, which generally are strictly construed against the grantor, must identify, with reasonable certainty, the property to be excepted from the larger conveyance. *Rahlek, Ltd.*, 587 S.W.3d at 65; *Combest v. Mustang Minerals, LLC*, 502 S.W.3d 173, 179–80 (Tex. App.—San Antonio 2016, pet. denied).

There are three potential purposes for a "subject-to" clause in an oil and gas conveyance:

> (1) it protects the grantor against breach of warranty arising from the outstanding oil and gas lease; (2) it spells out the precise interests the grantee is to receive and thus is supposed to make the deed clearer; (3) it makes certain that rentals and royalty under the existing lease pass to the grantee . . . .

2 PATRICK H. MARTIN & BRUCE M. KRAMER, WILLIAMS & MEYERS, OIL & GAS LAW § 340 (2019) (footnotes omitted). The principal purpose is to protect grantors against claims for breaches of warranty. *Wenske*, 521 S.W.3d at 796. In their ordinary sense, the words "subject-to" mean "subordinate to, subservient to, or limited by." *Id.* However, a subject-to clause may also be used as an exception to the conveyance. *See Averyt v. Grande*, 717 S.W.2d 891, 894 (Tex. 1986) (holding "that a 'subject[-]to' clause that excepts a fractional mineral interest conveyed does not form part of the description of the land."). A subject-to clause that purports to except property from the conveyance must still identify the property it is excepting with reasonably certainty. *See Combest*, 502 S.W.3d at 179–80.

We conclude that the subject-to clause in the deed from Decatur to Universal is not an exception. Hughes contends that the second sentence of the above quoted paragraph shows that the parties intended for Universal to except the causes of action from the conveyance. However, the language used in the sentence does not make it reasonably certain that Decatur intended to except the causes of action that it had obtained from Hughes from the conveyance to Universal. The language used makes no mention of the causes of action, nor does it indicate that the conveyance was made subject-to the causes of action being retained by Decatur. While no "magic words" are necessary to formulate an exception in a deed, there still must be enough to provide reasonable certainty that something is being withheld from the assignment. *Wenske*, 521 S.W.3d at 794.

Additionally, the first paragraph of the deed to Universal would lose its meaning if we were to adopt Hughes's reading of the second sentence of the third paragraph. *See U.S. Shale Energy II, LLC v. Laborde Props., L.P.*, 551 S.W.3d 148, 151 (Tex. 2018) (noting that each provision of a deed must have meaning). The first paragraph purports to convey "all of [Decatur's] interest" received in the original deed from Hughes to Decatur. Under Hughes's reading, "all" would not mean all the interest Decatur received in the original deed from Hughes.

Contrary to Hughes's reading of the third paragraph of the deed, we construe the paragraph to merely clarify what rights both Universal and Decatur would have under an oil gas lease associated with the property. Decatur retained its interest in rents, royalties, and bonuses received before 2018, and Universal received those rights from 2018 and beyond.

A case that we find instructive to the outcome of this case is *Pauler as Trustee of Janysek Survivor's Trust v. M & L Minerals, LP*, No. 04-20-00302-CV, 2021 WL 2814906 (Tex. App—San Antonio July 7, 2021, pet. filed). In this case, the

9

San Antonio Court of Appeals construed a 1977 deed that purported to convey the entire tract of land but had a subject-to clause and a specific reservation. *Id.* at *1–2. The granting clause stated: "[Grantors convey] [a]ll that certain tract or parcel of land." *Id.* at *1. The subject-to clause of the deed read: "This conveyance is subject, however, to all mineral conveyances, mineral reservations, oil, gas and other mineral leases, royalty conveyances or reservations, easements, ordinances and rights-of-way of record in the office of the County Clerk of Karnes County, Texas." *Id.* The exception clause of the deed stated:

> In addition to the above exceptions, there is reserved and excepted unto SUSAN JANYSEK, an undivided one-fourth (1/4) interest in and to all royalty paid on the production or mining of oil, gas and any and all other minerals, whether similar or dissimilar. The interest reserved unto the said SUSAN JANYSEK, shall be a non-participating royalty interest. . . . Such royalty interest is for the life of SUSAN JANYSEK, and after her death, such royalty interest shall revert to [Susan's nine children, identified by name].

*Id.* Prior to the 1977 deed, in 1958 and 1959, two other deeds were executed that conveyed two separate term royalties. *Id.* Those interests had expired, and the parties to the case were disputing whether the 1977 deed conveyed the reversionary interest or whether the subject-to clause excepted them from the assignment. *Id.* The court held that the subject-to clause was not an exception because "[t]he 1977 [d]eed does not state with any certainty that the disputed royalties are reserved or excepted from conveyance." *Id.* at *5.

Much like the deed in *Janysek*, the deed from Decatur to Universal did not state with any particularity that it was excepting from the conveyance the causes of action. The paragraph that Hughes contends is an exception makes no mention of the causes of action, and it does not use language that would clearly indicate that the grantor was withholding property from the conveyance. Additionally, *Janysek* is

10

instructive because it also gives an example of a valid exception clause. *Id.* at *1. The exception clause in *Janysek* specifically uses reservation/exception language and clearly states what interest the grantor is withholding. *See id.* Here, the paragraph Hughes claims is an exception is unlike the exception in *Janysek*. The deed from Decatur to Universal only mentioned interests in bonuses, rents, and royalties and made no mention of any causes of action.

As stated previously, we conclude that the third paragraph of the Universal deed is merely a subject-to clause. If we were to construe the paragraph as Hughes has asked us to do, that would require us to impliedly find an exception, which is unfavored under Texas law. *See Perryman*, 546 S.W.3d at 119.

Alternatively, if we construed the subject-to clause to be an exception, the language of the paragraph is not sufficiently certain to include the causes of action. *See Combest*, 502 S.W.3d at 179–80. In order for the subject-to clause to except the causes of action, we would have to construe the following clause as including them: "It is understood that the Grantee shall have, receive, and enjoy the Grantor's proportionate right, title, and interest in or to bonus, rents, and royalties and other benefits . . . ." Under the interpretive canon of *ejusdem generis*, when specific terms are followed by a catchall term, the catchall term must be limited to the sorts of things that are like the preceding, more specific terms. *See Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, 574 S.W.3d 925, 928 (Tex. App.—Eastland 2019, pet. denied). Thus, if we were to treat the subject-to clause as an exception and find that it actually excepts the causes of action, we would have to conclude that causes of action are the same kind of things as bonuses, rents, and royalties. We decline to do so.

Because we conclude that the deed from Decatur to Universal conveyed the causes of action to Universal, Decatur no longer possessed the causes of action when

11

it attempted to reconvey them back to Hughes. Thus, Hughes lacks standing. Accordingly, we overrule Hughes's sole issue.

*This Court's Ruling*

We affirm the trial court's order granting CJM's plea to the jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


January 27, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.